RAWLS, Judge.
This is a case of original jurisdiction wherein relator Louie L. Wainwright, as Director of the Division of Corrections of the State of Florida, seeks to prohibit respondents from enforcing orders directing the prison authorities to deliver named inmates to the Sheriff of Walton County, at De Funialc Springs, Florida.
The dispute boils down to one of finances involving a question of local or state responsibility. The respondent judges are of the opinion that the State of Florida should shoulder the expense and responsibility for transporting inmates from the state penitentiary to the applicable county *771 for postconviction proceedings granted in accordance with Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The relator contends that such burdens must be borne by the affected county. We are compelled to sustain the relator’s contention.
The sole case found in point is that of State ex rel. Deeb v. Fabisinski.[1] There, Circuit Judge Fabisinski (who was a judge of the same circuit as the respondents) directed the Superintendent of Florida State Hospital at Chattahoochee, Florida, to produce the body of one George Deeb before the Circuit Court at Pensacola, Florida on a day and at a time certain. Deeb instituted an original proceeding in prohibition in the Supreme Court in which he sought to prohibit the circuit judge from enforcing his order. The Supreme Court granted prohibition predicated upon the holding that the circuit judge’s order was in effect a writ of habeas corpus ad respon-dendum et recipiendum or the writ of ha-beas corpus ad prosequendum.
Justice Ellis, speaking for the Court, traced the history of the great Writ of Habeas Corpus and distinguished same from other writs containing the characteristic words such as habeas corpus ad prosequen-dum and habeas corpus ad deliberandum et recipiendum. In reaching the conclusion that Judge Fabisinski could issue the necessary writs (i. e. capias or bench warrants) to procure the presence of Deeb before the Court but was not authorized to issue the writ under attack, the Court held: [2]
“The writ of habeas corpus ad respon-dendum et recipiendum and the writ ad prosequendum have as stated been superseded by the ample provision of the statute for the arrest of the accused,- and there exists no longer any necessity for their use if indeed they have not become altogether abandoned and superseded by other statutes so that the circuit court has no jurisdiction to issue them.
“So the writ of prohibition is granted with leave to issue if the circuit court deems it prudent to do so, any capias or bench warrant against the accused for service in the manner provided by statute. * * * ”
The facts in the Deeb case appear to be quite analogous to the facts of the cases that we now review. In the instant cases the learned Circuit Judges have directed the prison authorities to deliver named inmates to the Sheriff of Walton County at De Funiak Springs, Florida. Although the respondents’ orders are not entitled habeas corpus ad deliberandum et recipien-dum or habeas corpus ad prosequendum, the contents of the orders clearly constitute such a writ.
We cannot and do not distinguish these facts from those appearing in the Fabisin-ski case, and therefore in accordance with the authority of the Fabisinski case, the writs of prohibition are granted.
We are not unmindful of the dilemma, inconvenience, aggravation and expense that has been visited upon the trial courts in this state in meeting the law as promulgated by the Supreme Court of the United States in the Gideon decision[3] and the requisites of Criminal Procedure Rule No. 1, which was developed by our Supreme Court to meet the demands occasioned by the Gideon rule. The individual counties of this State have already shouldered a brontosauric burden in apprehending and trying the inmates whom they are now called upon to transport back to their courts for further proceedings. However, the rule of law is well established as stated above, and we are not authorized to promulgate a different rule of law which would result in placing this responsibility upon the State. One of the distinguished respondent judges has asserted *772 that the practical solution would be to provide for the return of these inmates in state prison buses, and we wholeheartedly encourage as beneficial to the citizens of Florida any agreements as can be made between the respective sheriffs and the prison authorities for such an arrangement, but it is not the role of this Court to disregard the case law as cited above and to provide such relief through court edict.
The orders reviewed are quashed and vacated. We assume formal issuance of the writs will be unnecessary.
STURGIS, Chief Judge, and WIGGIN-TON, J., concur.

. State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207 (1933).

. Id. 152 So. at 211, 212.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962).