RAWLS, Acting Chief Judge.
Edward Garrett Hoskins appeals from a verdict and judgment of guilty of attempted robbery and urges the following two points on appeal as the predicate for a reversal of same, viz. :
1. The appellant was denied a right to a speedy trial guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 11 of the Florida Constitution, F.S.A., when he was tried eight and a half years after an indictment was returned and after appellant had made two requests for a speedy trial.
2. There was a denial to appellant of the right to adequately prepare for trial, summon defense witnesses, and to have effective aid of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States when the court appointed the Public Defender nine days before trial and refused appellant’s request for defense witnesses.
A. Denial of the right to have witnesses at appellant’s trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.
The necessary facts are: Hoskins, after serving nineteen years on a twenty-five-year sentence in Leavenworth, was released in January 1959. On February 4, 1959, defendant, with a stocking over his head and armed with a revolver, forced his way into the Clyde Atkinson home in Tallahassee, Florida, threatened Mr. Atkinson’s life, demanded $25,000.00, and when told it would take some time to raise that amount of money, left saying he wanted it in three days. Authorities were called and at that time Atkinson advised them he believed the intruder was connected in some way to a former client, Winston Reynolds, who was then imprisoned in Leavenworth, because Mrs. Reynolds had recently shown him some letters she had received in January from her husband, and a letter from Hazard, Kentucky, signed by a Freddie Steele. The letters indicated that Winston’s friend “Freddie” (actually Hoskins, an ex-cellmate) was coming to Florida on his “vacation” and there was a possibility he could help Mrs. Reynolds financially. A Freddie Steele registered at Lane’s Motel in Bainbridge, Georgia, on February 2, 1959. He listed his address as Hazard, Kentucky, and his car tag number as 772-621.
On February 11, 1959, Hoskins was arrested in Atlanta, Georgia, tried for another offense, and given a five to eight-year sentence. Upon his being released in 1962, the United States of America incarcerated him to serve the remainder of his original twenty-five-year sentence. Subsequently a detainer warrant, filed pursuant to an indictment against him by Leon County in 1959, was lodged against him. On February 27, 1963, while in the Federal penitentiary, Hoskins filed in the Leon County Circuit Court a demand for an immediate trial as guaranteed by the Sixfti Amendment to the United States Constitution and for the issuance of an order affording him a speedy trial. On the 6th day of March 1963, the Circuit Court of Leon County entered an order finding that Hoskins was confined to the United States Penitentiary in Atlanta, Georgia, and thus not within the jurisdiction of the court.
By an instrument entitled Petition for Writ of Mandamus or Prohibition, dated September 8, 1967, Hoskins again demanded an immediate trial or in the alternative to be discharged from the indictment filed by the Circuit Court in and for Leon County. As a result of the latter petition, an order for writ of habeas corpus ad prosequendum was entered by the Circuit Court of Leon County on December 20, 1967, directed to the Warden of the United States Penitentiary, Atlanta, Georgia, and *449 the United States Marshal for the Northern District of Florida, to cause Hoskins to be brought before that Court on January 8, 1968, at the expense of Leon County, Florida.
On January 9, 1968, he was given court-appointed counsel and upon representation of said counsel, a committee of mental experts were appointed to examine the defendant with reference to his mental capacity to stand trial. On January 12, 1968, another hearing was held at which time it was determined that he was mentally and physically competent to stand trial. At this hearing his attorney requested that two witnesses be subpoenaed from the Federal Penitentiary in Atlanta, but upon being interrogated as to the testimony of these witnesses, his counsel advised the Court that, “He will not tell us”. On January 18, 1968, the defendant was put to trial and upon a verdict of guilty, judgment and sentence were entered, which he now appeals to this Court.
 We now consider appellant’s allegation that he was denied his constitutional right to a speedy trial. This point must be resolved upon a determination of whether the decision of the Supreme Court of Florida in Dickey v. Circuit Court, Gadsden County, Quincy, Florida, 200 So.2d 521 (Fla.1967), shall be given retroactive application. The exhaustive opinion in Dickey, supra, was a first expression by our Supreme Court finding that when an accused held by another sovereign makes demand for speedy trial in Florida of charges forming the basis for his detainer warrant, Florida must initiate action to procure the accused for trial unless it is unreasonable for Florida to do so. This opinion was rendered on June 14, 1967, some several years subsequent to Hoskins’ initial demand for a speedy trial in the instant cause. As stated above, Hoskins filed his second demand for a speedy trial by an instrument dated September 8, 1967. The last demand was not made until after the rendition of the Dickey decision by the Supreme Court, and within a reasonable time thereafter the Circuit Court put in motion the necessary administrative machinery to procure Hoskins’ presence in Florida to stand trial by the State. We find from this record that Florida acted in an expeditious manner upon Hoskins’ second demand and granted to him, within the purview of the state and federal constitutional provisions pertaining thereto, a speedy trial. As to retroactive application of the Dickey decision to Hoskins’ 1963 demand, it is our conclusion that the following language in Dickey, supra, does not contemplate that it shall be retroactive:
“To be considered also is the fact that the United States Supreme Court in the recent case of Klopfer v. North Carolina, 1967, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), has squarely held that the speedy trial guaranty of the Sixth Amendment to the federal constitution is applicable to the states through the Fourteenth Amendment. This means that hereafter, at least, speedy trial issues in state convictions will be measured by federal standards. [Emphasis supplied.]
“This discussion is intended to alert Florida officials charged with the administration of criminal justice to the necessity for diligent affirmative action in securing for trial on charges pending here persons incarcerated by other sover-eignties. Failure to so act may well deny protection of the public interest in the effective prosecution of crime as well as the interest of those subject to prosecution for crime in circumstances such as found in this case. As noted above in most instances the lapse of time between the commission of a criminal act and trial of an accused therefor operates against the interest of the state which has the burden of proving the essential facts necessary to a conviction. This is so for many reasons. The clam- or of the public for action, and the interest of the prosecution’s witnesses and of prosecution officers themselves wanes with the passage of time as does the *450 memory of witnesses to the crime. Therefore, if this state does in fact intend to try the Florida charges represented by a detainer warrant lodged against an accused who is held elsewhere the public interest in the successful enforcement of the criminal laws of the state dictates that the trial be had as quickly as it can be arranged. Too, if Florida does not intend to try the accused it still has a legitimate social concern in the accused’s rehabilitation by the holding authority. The rehabilitation process is certainly hampered by the existence of a detainer warrant. For example the accused cannot be released on parole by the holding authority since he will then become subject to arrest in satisfaction of the detainer warrant. For this reason it seems to us that Florida has an obligation either to act to procure the accused’s presence for trial or withdraw the detainer warrant in such cases.”
Cf. State v. Steinhauer, 216 So.2d 214 (Fla.1968), as to the retroactive application of recent decisions construing constitutional rights.
We next consider appellant’s second point wherein he alleges that he was denied certain constitutional rights as to preparation for trial, procurement of witnesses and being put to trial “too speedily.” A review of this record reflects no merit as to the issues posed by this point. We briefly observe that appellant was insistent upon procuring a speedy trial. However, this record discloses that upon his person being presented to the Circuit Court of Leon County on January 8, 1968, his “speedy feet” had become encased in “shoes of lead.” At the outset, at the hearing on January 8, the defendant stated to the court that he would like to get his own attorney which would require two weeks to make the arrangements. This was objected to by the State which pointed out that they wanted him to have his complete constitutional rights, however, a terrific expense was being incurred by it day to day to pay two United States Marshals at all times to stay with the defendant while he was being afforded his constitutional rights. On the following day, the defendant decided that he did not have an attorney and desired the services of court-appointed counsel. An attorney was immediately appointed. Thereafter, at his request and at State expense, the defendant was granted a psychiatric evaluation which required additional time. On January 12, it was ascertained that Hoskins was competent to stand trial, and again the State’s Attorney pointed out that “there is considerable expense involved in and we’re having to pay two federal men and board for them and all this sort of thing under the rules, we should go ahead and set this case at an early date for final disposition.” At this time the defense counsel stated to the court that defendant wanted subpoenaed at the expense of the State two witnesses from the Federal Penitentiary in Atlanta. The State objected upon the primary ground that: “What I’m trying to point out is that if we’re going to let a man come back at this great expense, after being a prisoner in the federal penitentiary and have to go and subpoena half the people in the federal penitentiary as witnesses for them, it’s going to defeat justice as we know it. Now, what I’m finally getting around to, if you’ve got a witness that’s needed for this man’s defense, put it in black and white and tell us what that witness will testify to and handle it in a legal sort of a way so that then we can pass on it, Your Honor.” Defense counsel’s reply to this observation was: “He will not tell us.”
 It is upon this type of record that the defendant now urges he was deprived of the constitutional right to summon defense witnesses. The rule that issuance of a summons under these circumstances is within the wide discretion of the trial court is so well settled it does not require the dignity of citation of authority. Finally, within this point it is urged that the appointment of counsel nine days be *451 fore trial was not an adequate time for him to prepare his defense. In no instance in this record has counsel pointed out any circumstance to support the bald assertion that this nine-day period was an inadequate time. To the contrary, the record shows a most vigorous defense of this defendant at every stage of the proceedings. From our examination of this record it is our conclusion defendant’s complaint in substance is not that he was deprived of a speedy trial within the constitutional guarantees protecting his rights, but that he is dissatisfied with the result of the verdict and judgment entered upon what we find to be a full, fair and impartial trial afforded to the defendant by the State of Florida. The judgment is
Affirmed.
JOHNSON and SPECTOR, JJ., concur.