**Edward Garrett HOSKINS, Petitioner-Appellant,**

v.

**L. L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

**No. 30006.**

United States Court of Appeals, Fifth Circuit.

March 22, 1971.

Edward G. Hoskins, pro se.

Wilfred C. Varn, of Ervin, Pennington, Varn & Jacobs, Tallahassee, Fla., for appellant.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Appellant Edward Garrett Hoskins appeals from a denial of habeas corpus relief by the district court. We remand for further proceedings.

On May 21, 1959, the appellant was charged by indictment in the Circuit Court of Leon County, Florida, with the commission of an attempted robbery in that county on February 4, 1959. However, on February 11, 1959, prior to the filing of the charge, appellant was arrested in Atlanta, Georgia, tried on another charge by the State of Georgia and given an eight year confinement sentence. Hoskins was released to the United States in 1962, incarcerated to resume serving the time remaining upon a previously-imposed twenty-five year federal sentence. Florida thereupon filed its detainer against the appellant with federal authorities because of the pending 1959 Leon County attempted robbery charge. On February 27, 1963, the appellant formally requested immediate trial to protect his Sixth Amendment rights. On March 6, 1963, the Circuit Court of Leon County, Florida, responded to that request by entering its order finding that the appellant was then confined in the United States Penitentiary in Atlanta, Georgia, and not within the jurisdiction of the court, and denied the demand for immediate trial. Appellant made further and similar unsuccessful requests for immediate trial in March of 1963, April of 1964, and August of 1965. On March 13, 1967, however, the Supreme Court of the United States, in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, ruled that the Sixth Amendment right to a speedy trial applied to the several states through the Fourteenth Amendment.[1]

In September 1967, appellant again requested immediate trial by a petition for writ of mandamus directed to the First Florida District Court of Appeal. The writ was granted, and on December 20, 1967, the Circuit Court of Leon County entered an order for writ of habeas corpus ad prosequendum. Appellant was produced before the court on January 9, 1968, and after various proceedings in that court, was tried before a jury on January 18, 1968. The conviction resulting from that trial was affirmed by the First District Court of Appeal in April 1969. Hoskins v. State, 221 So.2d 447.

Appellant then brought this habeas action in the federal district court, asserting that he was (1) denied the right to compulsory process to summon witnesses on his behalf during his state trial, and (2) denied his right to speedy trial, both as guaranteed by the Sixth and Fourteenth Amendments. The dis-

---

1. The Supreme Court two years later, subsequent to the trial of the appellant in this case, followed this holding by its decision in Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, which held that upon a demand by a petitioner detained in another jurisdiction, the charging State was required to make a diligent, good faith effort to bring the petitioner to trial in its courts..

trict court denied relief without a hearing, concluding that a full and fair hearing had been held in the state court, and that the findings and conclusions of the state court were correct.

 We first consider the question of whether the appellant was denied the right to compulsory process to summon witnesses in his behalf. In this matter we agree with the district court that the appellant has had a full and fair hearing in the state courts and that accordingly it was permissible for the district court to decide the issue presented on the basis of the state court transcript. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. We further think that the district court was not erroneous in determining that the appellant's rights in this regard had not been violated. The right to compulsory process is not absolute, and a state may require that a defendant requesting such process at state expense establish some colorable need for the person to be summoned, lest the right be abused by those who would make frivolous requests. Washington v. State of Texas, 1967, 388 U.S. 14, 87 S. Ct. 1920, 18 L.Ed.2d 1019; Myers v. Frye, 7 Cir. 1968, 401 F.2d 18, 20–21. Cf. United States v. Panczko, 7 Cir. 1970, 429 F.2d 683, 689. The Florida District Court of Appeals opinion, 221 So.2d at 450, notes that not only did the appellant not make such a colorable showing of need for the requested persons, but that defense counsel did not even know of the value as witnesses of the requested persons because "He [appellant] will not tell us". Neither has counsel in this appeal demonstrated to us any reason why the production of the witnesses was necessary to the appellant's defense. We hold that the denial of the request in this instance was a reasonable limitation on the right asserted.

Turning next to the speedy trial issue, we conclude that this matter requires further airing in the court below. The appellant contends that reversal and rendering of this case is required by the recent Supreme Court decision in Dickey v. Florida, 1970, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, arguing that *Dickey* adopts a rule that inordinate prosecutorial delay is per se prejudicial. We agree that this case should be controlled by *Dickey*. However we do not give *Dickey* the same reading as appellant. We do not believe that *Dickey* adopts a rule that an inordinately long delay between the lodging of a formal charge and trial is per se prejudicial, and requires reversal of the resultant conviction. We do not overlook holdings of lower federal courts that prejudice need not be shown or is presumed from proof of delay. See, e. g., United States v. Lustman, 2 Cir. 1958, 258 F.2d 475, 477–478, and Hedgepeth v. United States, 1966, 124 U.S.App.D.C. 291, 364 F.2d 684, 687 and n. 3. In *Dickey* there was clearly present an inordinate delay in trial. But there was also a strong *independent showing of prejudice* from the death and unavailability of witnesses, as well as from the hazy memories of the witnesses that did testify. See 398 U.S. at 35–36, 90 S.Ct. 1564. The key language of Mr. Chief Justice Burger in disposing of *Dickey* is the following: "On this record the delay *with its consequent prejudice is intolerable as a matter of fact* and impermissible as a matter of law." 398 U.S. at 38, 90 S.Ct. at 1569. (Emphasis added)

 In this case the appellant was not brought to trial until 8½ years after the filing of the charge. The delay occurred solely because the appellant was outside the jurisdiction—the State offers no other reason. Based on *Dickey* we believe that the record before us establishes the element of unjustified and inordinate prosecutorial delay. However, the district court has not had an opportunity to consider whether prejudice was present independent of the time delay factor. Indeed the state court opinion, Hoskins v. State, supra, upon which the district court based its opinion, speaks only to the question of the retroactivity of Klopfer v. North Carolina, supra, and Dickey v. Circuit Court,

200 So.2d 521 (Fla.1967).[2] It should be noted also that *Dickey* was not decided by the Supreme Court until more than a month after the federal district court entered its order dismissing Hoskins' petition. Finally, because of the differing construction placed by counsel on the import of the holding in *Dickey* (that the case establishes a per se rule) counsel failed to address themselves on brief or on oral argument in this Court to the issue of the necessity for a showing of prejudice independent of the delay.

 We therefore remand this case with instructions for the court below to undertake further proceedings to determine whether prejudice in fact resulted to the appellant from the time delay between indictment and trial. We follow the suggestion of Mr. Justice Brennan in his concurring opinion in *Dickey*, 398 U.S. at 52–56, 90 S.Ct. 1564, and require that the State assume the burden of demonstrating that the delay was not prejudicial to the appellant. We do not mean to establish a uniform rule that the State should assume the burden of proof in every case where the defendant alleges that he has been denied his right to speedy trial. Our holding is that in this case the accused has made out a prima facie case of denial of speedy trial.[3] by showing that his prosecution was delayed beyond the point at which a probability of prejudice arose, that he was not responsible for the delay, and that the State ought reasonably to have avoided the delay. In these circumstances the State should be given the burden of proving that the delay was necessary

and that no prejudice in fact occurred. *Dickey,* supra, 398 U.S. at 56, 90 S.Ct. 1564, concurring opinion of Mr. Justice Brennan. We direct further that the lower court enter full findings of fact and conclusions of law in support of any final disposition of the case.

Reversed and remanded with directions.

---

**2.** This case was styled Dickey v. Florida, on the later appeal to the Florida District Court of Appeals, First Circuit, 215 So.2d 772 (DCA Fla.1968), and in the United States Supreme Court, on certiorari to the District Court of Appeals (1970) 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.

**3.** The majority in *Dickey* appears to support reversal because of a violation of Sixth Amendment rights to speedy trial, but the concurring opinions of Mr. Justice Harlan, and Mr. Justice Brennan joined by Mr. Justice Marshall, allude to the logical and constitutional incon-

sistencies in holding pre-*Klopfer* denials of speedy trials by the States as violative of the Sixth and Fourteenth Amendments. They raise thought-provoking and puzzling questions as to the right to hold the States accountable for Sixth Amendment speedy trial violations during the period (pre-*Klopfer*) before the Sixth Amendment had been declared applicable to the States through the Fourteenth. The suggestion of the concurring Justices is that a holding couched in terms of a due process violation would be a sounder approach to pre-*Klopfer* denials of speedy trial.