PER CURIAM.
This petition for writ of prohibition filed by Robert David Roy seeks review of an order which denied his motion to disqualify the county judge to whom his petition for habeas corpus had been assigned. Upon consideration of the response to our order to show cause, we grant the petition for the following reasons.
Petitioner sought a writ of habeas corpus in the circuit court. The case was assigned to County Judge George H. Pierce for a disposition on the merits. Petitioner moved to disqualify Judge Pierce on grounds that the county judge was not qualified to preside over a habeas corpus action unless he had been validly designated to serve as an acting circuit judge.
For reasons not clear on this record, Judge Pierce did not rule on the motion to disqualify himself. Instead, Circuit Judge James L. Tomlinson considered the motion to disqualify and entered an order stating that Judge Pierce was functioning as a de facto judge “in peaceful position, discharging his official duties in view of the public, with public acquiescence, and without the slightest appearance of a usurper.” Stein v. Foster, 557 So.2d 861, 862 (Fla.1990), quoting State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 273, 28 So.2d 589, 593 (1946). Finding that a reasonably prudent person would not fear that he would not receive a fair and impartial trial due to the judge’s technically improper assignment, Judge Tomlinson denied the motion to disqualify Judge Pierce. We hold that it was improper for Judge Tomlinson to rule on the motion to disqualify Judge Pierce and that the motion should have been granted.
Both Chapter 38, Florida Statutes, and Florida Rule of Judicial Administration 2.160, contemplate that a motion to disqualify a judge should be acted upon by the judge to whom the motion is directed. Accordingly, Judge Pierce should have ruled on the motion which challenged his jurisdiction to consider the petition for writ of habeas corpus.
Turning to the merits of the motion, initially we note that the motion to disqualify was not based on petitioner’s fear that he would not receive a fair and impartial trial from Judge Pierce. Instead, petitioner challenged *1113 a county judge’s authority to consider a petition for habeas corpus relief. The Florida Constitution does not grant county courts authority to issue writs of habeas corpus, and that power rests only in the supreme court, district courts of appeal, and circuit courts. Art. V, § 7(b), Fla. Const. Likewise, Chapter 79 allows a person in detention to seek a writ of habeas corpus from the supreme court, any district court of appeal, or any circuit court, but provides no such authority to a county court. § 79.01, Fla.Stat. County courts exercise only the jurisdiction prescribed to them by general law. Art. V, § 7(b), Fla. Const.
Although Judge Pierce may have been properly designated an acting circuit judge in the past, petitioner asserted that Judge Pierce held no such designation when he was assigned to consider petitioner’s application for habeas corpus relief. Once petitioner challenged Judge Pierce’s authority to act on the pending pleading, Judge Pierce no longer “peaceably” held de facto office, as found in the order denying the motion to disqualify. These facts distinguish this case from Stein v. Foster, where the challenge to the county judge’s authority was not made until after a final order had been entered. Absent a valid designation for Judge Pierce to act as a circuit judge, the motion for his disqualification should have been granted.
WRIT ISSUED.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.