ORFINGER, R. B.,
concurring and concurring specially.
I concur with the court’s opinion because I am constrained to follow Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999), wherein we adopted a “thirty-day rule or be disqualified” interpretation of Florida Rule of Judicial Administration 2.160(f). While I agree with Anderson that “prompt rulings [on disqualification motions] promote public confidence in the impartiality of the trial judge,”[1]1 do not believe that a thirty-day bright line test is either authorized by the rule or necessary.[2]
In Anderson, we emphasized that trial judges must rule immediately on motions for disqualification. While I recognize that delayed rulings on such motions potentially slows litigation, I also recognize that there are circumstances, such as illness, military commitments and judicial education that may account for the delay.[3] Our bright line thirty-day rule does not take such circumstances into account. The mechanical application of our interpretation of Rule 2.160(f) is particularly troubling in this case because I think the petition for disqualification is legally insufficient. I see no good reason why a trial judge’s delay in ruling on an otherwise legally insufficient motion should cause the trial judge to be disqualified, unless the delay is so unreasonably long that it calls into question the judge’s motives. That is certainly not the case here.

. Anderson, 727 So.2d at 1147.

. The Third District Court of Appeal certified conflict with Anderson in Tarrant v. Jacoboni, 780 So.2d 344 (Fla. 3d DCA), rev. granted, Tableau Fine Art Group v. Jacoboni, 796 So.2d 538 (Fla.2001). The Tarrant court rejected our “thirty-day rule or be disqualified” interpretation of Rule 2.160(f).

.A motion to disqualify must be decided by the judge to whom the motion is directed. Roy v. Tomlinson, 639 So.2d 1112 (Fla. 1st DCA 1994). Accordingly, a judge who is ill or on military leave could be disqualified in any number of cases if the judge can’t rule on the motion within thirty days.