998 So.2d 1188 (2009)
Thomas D. SHARRARD, Circuit Administrator, State of Florida Department of Corrections, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-1119.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*1189 Bill McCollum, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for petitioner.
W. Anthony Loe, Weston, West Palm Beach, for respondent.
PER CURIAM.
Thomas D. Sharrard (Sharrard), as circuit administrator for the State of Florida Department of Corrections (the Department), seeks certiorari and prohibition relief from an order of the Broward County Circuit Court dated March 11, 2008, which directed the Department, within thirty days, to effectuate procedures to comply with the court's order of June 3, 2003, which in turn requires the Department to effect a warrantless arrest of criminal defendants on community control or probation in Judge Stanton Kaplan's division upon a defendant's testing positive for a prohibited substance, without confirmation of the results by an authorized laboratory. As the Department has had difficulty obtaining the cooperation of local law enforcement to transport offenders to jail in accordance with the 2003 order, the 2008 order requires the testing officer or the Department itself to transport the alleged *1190 offender to jail. We treat the petition for writ of certiorari as an appeal from an injunction order and reverse. We also grant prohibition relief.
Until recently, the Department had agreements with local law enforcement agencies which arrested and transported defendants pursuant to the 2003 order at the Department's request, but due to funding problems, the Broward Sheriff's Office (BSO) and local municipal police departments have refused to continue doing so with respect to three of the Broward Circuit's probation offices. Thus, Sharrard informed Judge Kaplan that the Department might not be able to continue complying with the 2003 order. The judge issued an order to show cause and the Department served a response which explained that probation officers have neither the training nor the resources to transport offenders to jail; the Department's procedures require probation officers to contact local law enforcement for assistance with such arrest and transport; and probation officers drive their own personal vehicles, in which Department procedures prohibit the transport of offenders.
Following a hearing before the judge, in which Sharrard was asked to describe the steps taken by the Department to avoid releasing alleged offenders in violation of the judge's standing order, the trial court issued an order finding that the Department has been on notice since 2004 that arresting and transporting defendants was causing an undue burden on local law enforcement agencies; however, it had shirked its responsibilities by not undertaking to do anything, and that the responsibility of seeing that offenders did not go free was on the Department. It found that the Department claimed it did not have the personnel, equipment, or facilities to effectuate its own arrests and transport; yet the Department staffs 135 prison facilities and routinely transports prisoners between facilities; the local probation officers are considered law enforcement officers, with arrest powers and the right to carry firearms and other equipment, and they could be trained to arrest and transport violators; offenders could be secured with leg irons, waist chains, and handcuffs, and could be bolted to a plate in the floor until the transporting officer could transport them, eliminating any need for holding cells; the Department could transfer trained officers, hire local off-duty law enforcement to handle arrest and transport; train current employees; utilize marked patrol vehicles, which were offered to the Department on a one-time basis by local law enforcement; hire a private security company to transport; obtain the restraining devices mentioned above; and bolt a metal plate to the floor. The court made it clear it was not directing the Department which was the best solution, but merely pointed out suggestions.
The judge found that section 948.06, Florida Statutes, which provides that probation officers "may" arrest or request local law enforcement to arrest offenders without warrant, does not excuse the department from arresting and transporting if the local law enforcement agency refuses a request to arrest and transport; it does not allow the probation officers to release the offenders, burdening the police with the task of searching for and arresting them, at significant cost and with the community at risk; nor does the statute reduce the department's obligation to comply with the 2003 order.
The order directs the Department "to immediately effectuate procedures necessary to comply with the said Order within thirty (30) days from the date hereof" or the judge would take further action to ensure compliance.
*1191 We reject the state's argument that review of the 2008 order is time-barred because the separation of powers issue could just as well have been asserted with respect to the 2003 order, and the time to challenge that one expired in July 2003. While we agree that Judge Kaplan has subject matter jurisdiction over the individuals who are on probation and community control in his division, to the extent his order violated the separation of powers by encroaching on the authority delegated by statute to the executive branch of government, namely the Department, prohibition lies, which has no time limit.
In both orders, Judge Kaplan appears to have usurped the discretion granted by the legislature to the Department and its probation officers, to determine whether to arrest an offender, by requiring the warrantless arrest of all his supervised offenders who test positive for a prohibited substance. Compare State, Dep't of Juvenile Justice v. Soud, 685 So.2d 1376, 1378 (Fla. 1st DCA 1997) (quashing administrative order in part because it usurped role given by legislature to department to develop and revise risk assessment instruments).
The transportation of offenders to court is not the statutory and ministerial duty of the Department. § 30.15, Fla. Stat. (2007) (inter alia making it the duty of the sheriff to apprehend, without warrant, persons disturbing the peace); Wainwright v. Gillis, 166 So.2d 770 (Fla. 1st DCA 1964) (quashing order, holding expense and responsibility for transporting inmates from state institutions to applicable counties for postconviction proceedings was that of affected counties, rather than state's).
We agree with the Department that the orders violate the separation of powers doctrine of Article II, section 3, of the Florida Constitution, which prevents one of the three branches from encroaching on the powers of another. See Diaz v. State, 945 So.2d 1136, 1142-43 (Fla.), cert. denied sub nom. Diaz v. McDonough, ___ U.S. ___, 127 S.Ct. 850, 166 L.Ed.2d 679 (2006).
For example, the judiciary "is precluded from interfering with, much less usurping the proper authority of the executive." State v. Mendiola, 919 So.2d 471, 472 (Fla. 3d DCA), rev. denied, 919 So.2d 435 (Fla.2005). Compare Agency for Persons with Disabilities v. J.M., 924 So.2d 1, 3 (Fla. 3d DCA 2005) (granting petition for writ of prohibition and holding that circuit court did not have jurisdiction to determine that juvenile met crisis criteria, requiring immediate provision of services by agency; determination of which persons with disabilities are eligible for Medicaid Waiver Program has been delegated to the agency by statute, and circuit court may not interfere with decision-making process delegated to state agency), rev. denied, 932 So.2d 193 (Fla.2006).
The orders in question interfere with the discretion which the legislature granted to the probation supervisors, as well as with funding decisions made by the department. Section 948.06 gives probation officers discretion "may arrest" (emphasis added) whether to effect a warrantless arrest of a violator. That subsection reads as follows:
Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his or her probation or community control in a material respect, any law enforcement officer who is aware of the probationary or community control status of the probationer or offender in community control or any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such *1192 probationer or offender without warrant wherever found and return him or her to the court granting such probation or community control.
§ 948.06(1)(a), Fla. Stat. (2007) (emphasis added).
If, due to limited resources, a probation officer has the choice of effecting a warrantless arrest and transporting either a supervised defendant who commits a violent crime, or one who merely tests positive for a prohibited substance, the order requires the immediate arrest of the latter rather than the former. Yet the decision as to whether to arrest an offender is one that is covered by governmental immunity, a concept with derives from the separation of powers. See Henderson v. Bowden, 737 So.2d 532, 538 (Fla.1999); Everton v. Willard, 468 So.2d 936, 937 (Fla.1985).
While Judge Kaplan's orders did not specify exactly how the Department should spend its funds, they did determine a priority in the expenditure of funds; every means of carrying out the challenged orders will require some expenditure of funds by the Department, in order to alleviate the lack of cooperation by local law enforcement officials. A trial court's encroaching on how an executive agency spends its funds also violates the separation of powers. See Office of State Attorney for Eleventh Judicial Circuit v. Polites, 904 So.2d 527, 532 (Fla. 3d DCA 2005) (granting certiorari petitions by state attorney and public defender from orders directing them to pay for mental health examinations of litigants which they had not requested, holding state court system was required to pay costs of initial evaluations; ordering state to pay for expert it did not request violated separation of powers); Dep't of Corr. v. Grubbs, 884 So.2d 1147 (Fla. 2d DCA 2004) (granting certiorari petition and quashing circuit court order requiring department to pay for convict's sex offender treatment program, where statute required offenders to pay for their own treatment; ordering department to expend funds in a particular manner violated separation of powers doctrine). The challenged orders require the department to expend its funds to transport warrantless arrests as a priority over other expenditures it might deem more important.
We conclude that the trial court abused its discretion in issuing the 2008 order and reverse it. With respect to that order and the 2003 order, we find that the trial court exceeded its jurisdiction by specifying the offenders with respect to whom the department's officers were required to exercise their discretion to effect warrantless arrests.
Reversed in part and quashed in part.
GROSS, C.J., FARMER and SHAHOOD, JJ., concur.
FARMER, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.