# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1008
Lower Tribunal No. A77N4AE
_____

**Pedro Jose Moreno Hernandez,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction—Prohibition.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY and LOBREE, JJ.

SCALES, C.J.

Petitioner Pedro Jose Moreno Hernandez, who is in federal immigration custody, seeks a writ from this Court that would prohibit a County Court judge from issuing a writ of habeas corpus ad prosequendum[1] directed to federal authorities. The State is seeking the writ of habeas corpus ad prosequendum from the County Court in the hope that the federal authorities will temporarily release Petitioner from federal custody to allow the State to prosecute a DUI charge against Petitioner that is pending in the County Court. We deny Petitioner's petition because, under the circumstances of this case, section 900.03(2) of the Florida Statutes provides the necessary authorization for the County Court to issue the sought writ.

## I. Facts and Procedural History

Petitioner was arrested in April 2025, for driving under the influence in violation of section 316.193(1) of the Florida Statutes. Upon his arrest,

---

[1] Habeas corpus ad prosequendum is "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." Habeas Corpus, Black's Law Dictionary (12th ed. 2024). In Florida, the writ appears to be most commonly issued by a Florida court to a warden of a federal penitentiary to cause a defendant to be brought before, and to face state charges pending in the issuing court. See, e.g., Hoskins v. State, 221 So. 2d 447, 448-49 (Fla. 1st DCA 1969). If the writ is honored, the prisoner is "loaned" from the jurisdiction where the prisoner is being held to the jurisdiction where the prisoner faces pending charges.

Petitioner was detained by United States Immigration and Customs Enforcement (ICE). Respondent State of Florida then petitioned the County Court – which has jurisdiction over Petitioner's DUI case – for a writ of habeas corpus ad prosequendum. The State's petition sought to have Petitioner "LOANED back to this jurisdiction" by ICE in order to conclude the State's prosecution of Petitioner's DUI charge. Petitioner filed a response opposing entry of the writ of habeas corpus ad prosequendum.

The trial court held two, brief hearings. At the second hearing, on May 19, 2025, the trial court orally ruled that it would grant the State's petition, but it would postpone signing the sought writ pending a decision by this Court as to the trial court's authority to issue such a writ.[2] Petitioner then filed the instant prohibition petition in this Court and we ordered the State to show cause as to why we should not grant the petition, which, pursuant to Florida

---

[2] In the first of the two hearings, in response to Petitioner's argument that a County Court judge does not have the authority to issue a writ of habeas corpus ad prosequendum, the trial court said that "there's an administrative order that allows the county court judges to act in a circuit capacity, so that's clearing that up." While our record includes an administrative order designating County Court judges to act as Circuit Court judges for a *felony* DUI under section 316.193(2)(b) of the Florida Statutes, the prosecution here is for a *misdemeanor* under a different subsection of this statute. See Roy v. Tomlinson, 639 So. 2d 1112, 1113 (Fla. 1st DCA 1994) (holding that, absent a valid designation to act in a Circuit Court capacity, a County Court judge may not issue a writ of habeas corpus). Our record contains no indication that, in Petitioner's misdemeanor DUI case, the County Court has been designated to sit in a Circuit Court capacity.

3

Rule of Appellate Procedure 9.100(h), stayed further proceedings in the trial court.

## II. Analysis[3]

### A. <u>Petitioner Sought the Appropriate Remedy</u>

At the outset, we note that Petitioner has sought the appropriate remedy in this Court. Prohibition lies to prevent a lower court from exercising unauthorized judicial power. <u>State ex rel. Swearingen v. R.R. Comm'rs of Fla.</u>, 84 So. 444, 445 (Fla. 1920). "Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." <u>English v. McCrary</u>, 348 So. 2d 293, 296 (Fla. 1977). Prohibition is an appropriate vehicle to prevent a court from issuing a writ of habeas corpus ad prosequendum. <u>See</u> <u>Wainwright v. Gillis</u>, 166 So. 2d 770, 771 (Fla. 1st DCA 1964).

### B. <u>The writ of habeas corpus ad prosequendum is not abolished in Florida</u>

Petitioner first argues that the writ of habeas corpus ad prosequendum long ago fell into disuse, and has been replaced by an alias capias warrant or a bench warrant as the appropriate process to bring a person to court.

---

[3] We review *de novo* whether a lower court is attempting to act in excess of its jurisdiction. <u>Sentry Pub. Adjusting, LLC v. Captiva Lakes Condo. Ass'n</u>, 389 So. 3d 561, 565 (Fla. 3d DCA 2023).

See State ex rel. Deeb v. Fabisinski, 152 So. 207, 210 (Fla. 1933). We find no indication in the law, however, that the writ has been abolished, so as to prevent the State from applying for one or the County Court from issuing one. We decline Petitioner's invitation to determine in this case that the writ has been abolished in Florida. See, e.g., State v. Gazda, 257 So. 2d 242, 243 (Fla. 1971); see also Peralta-Mejia v. State, No. 3D25-1719, 2025 WL 2670773 (Fla. 3d DCA Sept. 18, 2025) (denying defendant's petition for writ of prohibition seeking to prohibit the circuit court from entering a writ of habeas corpus ad prosequendum).

C. The County Court has authority to issue the writ of habeas corpus ad prosequendum

Petitioner next argues that the writ sought by the state is tantamount to the "Great Writ" of habeas corpus,[4] and that prohibition is warranted because a Florida County Court lacks the Constitutional authority to issue a writ of habeas corpus. Indeed, it is incontrovertible that a Florida County Court may not issue the Great Writ; the Florida Constitution reserves this authority to the Florida Supreme Court, the District Courts of Appeal and the

---

[4] This writ – known as the Great Writ – bears the formal name of the writ of habeas corpus ad subjiciendum et recipiendum. Deeb, 152 So. at 210. The revered Great Writ enables a prisoner to test the legality of his or her detention and to secure release if the detention is unlawful. Harris v. State, 133 So. 3d 1169, 1170 (Fla. 3d DCA 2014).

5

Circuit Courts. Art. V, §§ 3-5, Fla. Const.; see § 79.01, Fla. Stat. (2025) (authorizing an application for a writ of habeas corpus to the Supreme Court, the District Courts of Appeal and the Circuit Courts or, respectively, to their justices and judges).

The Florida Constitution, though, does authorize a County Court to "exercise the jurisdiction prescribed by general law." Art. V, § 6(b), Fla. Const. Further, section 900.03 of the Florida Statutes, a general law, provides that "Courts having criminal jurisdiction *may issue writs . . . necessary to the exercise of the criminal jurisdiction*[.]" § 900.03(2), Fla. Stat. (2025) (emphasis added).

While the writ sought by the State – a writ of habeas corpus ad prosequendum – shares a name with the Great Writ, it is assuredly of a different species. Deeb, 152 So. at 210.[5] Indicative of this difference is that ICE's compliance with the writ would cause only a temporary physical transfer of Petitioner and not his release.

In this case, the State merely seeks a writ asking ICE to "loan" Petitioner to State custody temporarily so that the State may prosecute

---

[5] In dictum in Peralta-Mejia v. State, we said that the writ of habeas corpus ad prosequendum was "subsumed within the 'Great Writ.'" 2025 WL 2670773, at *3 (Fla. 3d DCA Sept. 18, 2025). This characterization related to the history of the term "habeas corpus" rather than to an equating of the purposes of the Great Writ and the writ of habeas corpus ad prosequendum.

Petitioner's DUI charge pending in the County Court. Because nothing in our record suggests that Petitioner, pursuant to Florida Rule of Criminal Procedure 3.810, has waived his presence at the pending DUI proceedings, this case presents a scenario where, as contemplated in section 900.03(2), the sought writ appears necessary for the County Court to exercise its criminal jurisdiction.

We read section 900.03(2) as providing the necessary authorization for the County Court, under the circumstances presented in this case, to issue a writ of habeas corpus ad prosequendum. We, therefore, deny Petitioner's prohibition petition.

Petition denied.