STATE OF NORTH CAROLINA v. ROGER ATKINSON

No. 805SC1193

(Filed 5 May 1981)

1. **Constitutional Law § 49– waiver of right to counsel**

The trial court was not required to appoint counsel on the day of trial to represent defendant on a charge of assault with a deadly weapon where defendant had told the trial judge on several occasions, including the day of the trial itself, that he had the financial resources necessary to hire his own counsel; defendant was given adequate time to retain counsel yet failed to do so; and defendant suddenly changed his mind five minutes before the trial began and asked the court to get him a lawyer because he could no longer afford one himself.

2. **Criminal Law § 99.2– no expression of opinion by trial judge**

Where the trial judge denied defendant's belated request for assigned counsel and defendant persistently sought opportunities to argue with the

court in front of the jury concerning the alleged denial of his constitutional rights, the trial judge did not express an opinion and ridicule defendant before the jury when he correctly explained to defendant and the jury the reason for his denial of assigned counsel.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 21 August 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 April 1981.

Defendant was convicted of assault with a deadly weapon and sentenced to a prison term of eight months.

Defendant was charged in a warrant with assault with a deadly weapon in violation of G.S. 14-33(b)(1) on 11 June 1980. Defendant subsequently signed a waiver of right to have assigned counsel. He was tried and convicted in the District Court. Defendant appealed his conviction to Superior Court. At his arraignment on 4 August 1980, defendant entered a plea of not guilty whereupon the court ordered that the case be set for trial on 18 August 1980. Defendant signed another waiver of right to have assigned counsel on that same day.

The case was called for trial on 19 August, but defendant told the court that he did not have an attorney. The court asked him whether he was financially able to hire an attorney, whereupon he responded that he was selling his business (a nightclub) and had the money to hire his own attorney but said he was not ready for trial that day. The court continued the case so defendant could hire an attorney but told him to be ready for trial that week. On 20 August, defendant returned to the courtroom and awaited trial all day. Finally, on 21 August, the case again came up for trial after defendant had been waiting in the courtroom for several hours. All five of the State's witnesses were present in the courtroom and ready to testify. The court again asked defendant whether he had an attorney, and defendant said he did not. Defendant then assured the court once again that he was financially able to hire his own legal counsel but requested some additional time to do so. The court agreed to continue the case for thirty minutes so defendant could call an attorney. Defendant left the courtroom but returned within the allotted time only to request another continuance of the case so he could get an attorney. The court denied this request, and the case was immediately called for trial.

The State presented evidence which tended to show that defendant, in an attempt to collect a debt, assaulted the prosecuting witness with a gun. Defendant did not cross-examine any of the State's witnesses and did not testify or present any evidence. Neither the State nor defendant made closing arguments to the jury.

The jury found defendant guilty as charged, and defendant now appeals from the judgment entered upon that conviction.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*D. Webster Trask, for defendant appellant.*

VAUGHN, Judge.

All of the assignments of error relate, to a substantial degree, to Judge Fountain's refusal, in the face of repeated requests throughout the course of the trial on 21 August 1980, to appoint an attorney to represent defendant. We hold that the judge acted properly in each instance to which defendant took exception.

[1] Defendant's primary contention is that the court was required to assign counsel for his representation on the day of the trial even though he had previously signed two waivers of this right and had told Judge Fountain on several occasions, including the very day of the trial itself, that he had the financial resources necessary to hire his own attorney. We disagree. The record in this case clearly demonstrates that defendant effectively waived his right to counsel in a knowing and voluntary manner. Despite defendant's signed waiver, Judge Fountain inquired twice about defendant's ability to get a lawyer before trial and thus indicated his willingness to assign counsel if defendant showed the requisite need. Defendant, however, insisted that he could provide counsel for himself and asked the judge for two continuances instead. Defendant was given adequate time to retain counsel yet he failed to do so. In these circumstances, Judge Fountain acted fairly and properly, and he was not required to appoint counsel when defendant suddenly changed his mind, five minutes before the trial actually began, and asked the court to get him a lawyer because he could

no longer afford one himself when he had confirmed his financial ability to do so only thirty minutes earlier. Defendant did not meet his burden of showing sufficient facts entitling him to a withdrawal of the waiver of right to counsel, nor did he show good cause for delay, and the court correctly refused to entertain his dilatory tactics further.[1] *See State v. Smith,* 27 N.C. App. 379, 219 S.E. 2d 277 (1975); *State v. Watts,* 32 N.C. App. 753, 233 S.E. 2d 669, *review denied,* 292 N.C. 734, 235 S.E. 2d 788 (1977). *See also State v. Clark,* 33 N.C. App. 628, 235 S.E. 2d 884 (1977).

[2] Defendant also contends that the court expressed unlawful opinions and ridiculed him before the jury. The record does not support such a contention. After the court denied defendant's belated request for assigned counsel, defendant persistently sought opportunities to argue with the court, in front of the jury, concerning the alleged denial of his constitutional rights. It suffices to say that we have examined the content of Judge Fountain's statements and fail to find any error whatsoever. He correctly explained to defendant and the jury the reason for his denial of assigned counsel in a legitimate effort to prevent confusion and promote the rendering of an impartial verdict. We, therefore, overrule this assignment of error.

After careful review, we also overrule the remaining assignments of error, in which defendant contends that the judge promised to examine the potential jurors on his behalf but failed to do so effectively and improperly allowed the State's objection to the record on appeal. Again, we hold that Judge Fountain acted fairly and well within the bounds of reasoned discretion in each instance, and these assignments of error are patently without merit.

In conclusion, defendant is not entitled to a new trial as he was duly convicted in a fair and impartial proceeding upon a record which fails to disclose any prejudicial error.

---

[1]In his brief, defendant contends that his waiver of right to counsel was conditional and that he told Judge Fountain that he would be able to afford his own counsel only if a business transaction, involving the sale of his nightclub, was completed. We reject this argument. Defendant signed a waiver form which was absolute on its face, and the record does not show that defendant informed the court of the alleged condition at any time *before* trial. Rather, the record supports the conclusion that defendant raised this matter for the first time at the hearing held to settle the record on appeal after his conviction.

No error.

Judges CLARK and WELLS concur.