STATE OF NORTH CAROLINA v. CARL WILLIAMS

No. 8316SC144

(Filed 20 December 1983)

**Constitutional Law § 49— right to counsel—no effective waiver—proceeding without counsel improper**

In a prosecution for armed robbery, defendant's purported waiver of counsel and election to proceed *pro se* in superior court were deficient in several respects: (1) no determination was made as to whether defendant was represented by counsel, (2) even though defendant clearly was not represented, he was not informed of his right to counsel, (3) defendant was never asked and the court never determined whether he was able to afford the private counsel that he had indicated at district court he "would like to hire." Lacking in these particulars and in light of defendant's answers to the trial judge at his arraignment in superior court that he wanted a lawyer and did not wish to waive the right, defendant's waiver was not constitutionally valid. G.S. 15A-942; G.S. 15A-603.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 23 February 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 19 October 1983.

State v. Williams

On 14 December 1981, defendant was arrested on a charge of armed robbery. Defendant's first appearance in Robeson County District Court was held on 18 December 1981. Although no transcript was made of the first appearance proceedings, there is a record that contains the following material determinations:

> The defendant is not represented by an attorney at this time, and pursuant to G.S. 15A-60 the defendant has been informed of the right to remain silent and that anything defendant says may be used against him; and pursuant xx to G.S. 15A-603 the defendant has been informed that the defendant has important legal rights which may be waived unless asserted in a timely and proper manner and that counsel may be of assistance to the defendant in advising and acting in defendant's behalf.

> The defendant has indicated that he understands the right to have counsel appointed if indigent and the State will pay the fee but that defendant desires to waive representation by counsel and has signed a written waiver in accordance with the provisions of Article 36 of Chapter 7A of the General Statutes and the undersigned finds that the defendant intelligently and understandingly waived the appointment of counsel.

As noted in the above determinations, defendant signed the following written waiver:

WAIVER OF RIGHT TO HAVE ASSIGNED COUNSEL

> The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

The following certificate was signed by the judge:

CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open Court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in this case; that he has elected in open Court to be tried in this case without the assignment of counsel and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

On 6 January 1982, a probable cause hearing was held at which defendant was represented by counsel. Counsel's representation was limited to the probable cause hearing.

Defendant's next appearance was in Superior Court for the purpose of arraignment. Defendant was not represented by counsel. The transcript of this proceeding reads, in pertinent part, as follows:

MR. TOWNSEND [District Attorney]: . . . Do you have a lawyer?

MR. WILLIAMS [Defendant]: No, sir. I had a lawyer in Fayetteville. My mother, she had notified me she contacted Mister Willie Swann in Fayetteville. She was supposed to get him seven hundred dollars by today but she didn't get it to him.

THE COURT: That's a very serious charge placed against you, in which you could be sentenced to life, or a minimum of seven years, day for day, with respect to the presumptive sentence if it happened after the first of July, last year. Do you want the Court to appoint a lawyer for your [sic] or do you want to hire your own lawyer?

MR. WILLIAMS: I waived my rights to court appointed lawyer. My mother she a . . . .

THE COURT: When did you do that? In District Court?

MR. WILLIAMS: No, sir.

MR. TOWNSEND: Is that what your [sic] want to do? Waive this right?

MR. WILLIAMS: No, sir.

MR. THOWNSEND [sic]: I thought that's what he wanted to do, your Honor.

MR. WILLIAMS: I was supposed to have another lawyer; I was supposed to have a lawyer here. That's what my mother said, but she had a slight heart attack and didn't get to see him. I went to Fayetteville to see and try to get Mister Willie Swann.

THE COURT: You went to talk to Mister Swann, is that right?

MR. WILLIAMS: Yes, sir, I got to talk to him.

THE COURT: Who has the file in this case? (Gets file from Court Clerk, looks through file.) He says something about a waiver in there, in Superior Court. For the purpose of this hearing, it's my understanding that in the Superior Court you have not waived a lawyer?

MR. WILLIAMS: No, sir.

THE COURT: Now, do you want a lawyer?

MR. WILLIAMS: Yes, sir.

THE COURT: Do you want to hire your own lawyer.

MR. WILLIAMS: I would like to hire my own lawyer.

THE COURT: You want . . . then you want the Court to allow you to hire your own lawyer, to pick the lawyer you get, and you want to give up your right to have the Court to appoint one for you?

MR. WILLIAMS: Yes, sir.

THE COURT: Come up and sign a waiver of your right to Court appointed counsel . . . .

The form waiver signed is identical to the one signed in District Court and set forth above. Similarly, the judge signed a "Certificate of Judge" identical to the one set forth above. The arraignment was continued one week with directions from the court for defendant to hire an attorney.

On 23 February 1982, defendant was tried but was not represented by counsel. No inquiry was made as to defendant's *pro se* appearance. Defendant was found guilty and received a sentence of twelve years imprisonment. From the entry of this judgment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

EAGLES, Judge.

The Sixth Amendment to the United States Constitution guarantees that a person charged with a serious crime shall have the right to legal counsel. *Gideon v. Wainwright,* 372 U.S. 335 (1963). Where a person is entitled to counsel but cannot afford to hire an attorney, one must be provided by the court. *Argersinger v. Hamlin,* 407 U.S. 25 (1972). The right to representation by counsel for certain crimes is made applicable to the states by the Fourteenth Amendment. *Argersinger v. Hamlin, Gideon v. Wainwright,* both *supra. See* U.S. Const., Amends. 6, 14. Any person arrested by North Carolina authorities must be brought before a magistrate for an initial appearance at which he or she is advised *inter alia* of the right to communicate with counsel. G.S. 15A-511(b). A person charged with a crime that is in the original jurisdiction of the Superior Court is then brought into District Court for a first appearance. G.S. 15A-601. The initial appearance required by G.S. 15A-511(b) and the first appearance required by G.S. 15A-601 may be consolidated and held before the District Court judge. G.S. 15A-601(b). At the first appearance, defendant's Sixth Amendment right to counsel is provided for as follows:

(a) The judge must determine whether the defendant has retained counsel or, if indigent, has been assigned counsel.

(b) If the defendant is not represented by counsel, the judge must inform the defendant that he has important legal rights which may be waived unless asserted in a timely and proper manner and that counsel may be of assistance to the defendant in advising him and acting in his behalf. The judge must inform the defendant of his right to be represented by

counsel and that he will be furnished counsel if he is indigent. The judge shall also advise the defendant that if he is convicted and placed on probation, payment of the expense of counsel assigned to represent him may be made a condition of probation, and that if he is acquitted, he will have no obligation to pay the expense of assigned counsel.

(c) If the defendant asserts that he is indigent and desires counsel, the judge must proceed in accordance with the provisions of Article 36 of Chapter 7A of the General Statutes.

(d) If the defendant is found not to be indigent and indicates that he desires to be represented by counsel, the judge must inform him that he should obtain counsel promptly.

(e) If the defendant desires to waive representation by counsel, the waiver must be in writing in accordance with the provisions of Article 36 of Chapter 7A of the General Statutes except as otherwise provided in this Article.

G.S. 15A-603 (Supp. 1981). *See* G.S. 7A-450 *et seq.* (Ch. 7A, Art. 36) (procedure for determining indigency and entitlement to court appointed counsel).

A person who is entitled to counsel has the corollary right to refuse counsel and conduct his own defense. *Faretta v. California*, 422 U.S. 806 (1975); *State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981); *State v. Simmons*, 56 N.C. App. 34, 286 S.E. 2d 898, *disc. rev. denied* and *appeal dismissed*, 305 N.C. 591, 292 S.E. 2d 12 (1982). Addressing the right of an accused person to waive counsel, our Supreme Court has held:

The right to counsel guaranteed to all criminal defendants by the Constitution also implicitly gives a defendant a right to refuse counsel and conduct his or her own defense . . . . However, the waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will . . . .

*State v. Thacker*, 301 N.C. 348, 353-54, 271 S.E. 2d 252, 256 (1980).

The question presented for our consideration is whether this defendant's waiver of his right to counsel and election to represent himself was knowing, voluntary and otherwise consistent with the constitutional requirements for a valid waiver. For the following reasons, we hold that it was not.

Defendant's purported waiver of counsel and election to proceed *pro se* in Superior Court were both made at his arraignment before Judge Morgan. Although defendant had previously signed a written waiver form in District Court, his appearance at the arraignment without counsel invoked the mandatory provisions of G.S. 15A-942.

> If the defendant appears at the arraignment without counsel, the court must inform the defendant of his right to counsel, must accord the defendant opportunity to exercise that right, and must take any action necessary to effectuate the right.

> Where the court is required in a pre-trial proceeding in Superior Court to "inform" a defendant of his right to counsel, it must be done in substantially the same manner as at the first appearance in District Court. *See* G.S. 15A-603 (set out above). Although we find no case squarely on point, our interpretation is supported in the statutes. G.S. 7A-457 provides that an indigent person may waive counsel provided "the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver." This statute presupposes that a defendant has been informed of his rights and given an opportunity to act on the information as provided in G.S. 15A-603. This involves a determination of defendant's indigency and entitlement to court appointed counsel. G.S. 15A-603(c); G.S. 7A-450 *et seq.* (Ch. 7A, Art. 36). However, whether or not a defendant is indigent, any waiver must be in accordance with G.S. 7A-457, notwithstanding the limiting language thereof. *See* G.S. 15A-603(e) (requiring all waivers to be in accordance with G.S. Chap. 7A, Art. 36). Thus, a defendant who appears without counsel at his arraignment must be properly informed of his rights in the manner required by G.S. 15A-603. Where the defendant nevertheless wishes to waive counsel, the court must find that G.S. 15A-603 has been complied with before a valid waiver can be made.

The waiver in the present case is deficient in several respects. First, no determination was made as to whether defendant was represented by counsel. Second, even though defendant clearly was not represented, he was not informed of his right to counsel. Third, defendant was never asked and the court never determined whether he was able to afford the private counsel that he indicated he "would like to hire." Lacking in these particulars and in light of defendant's answers to Judge Morgan that he wanted a lawyer and did not wish to waive the right, defendant's waiver is not constitutionally valid.

The State contends on the basis of *State v. Atkinson*, 51 N.C. App. 683, 277 S.E. 2d 464 (1981), that the totality of the circumstances in this case is such that the trial court did effectuate defendant's right to counsel. Seeking to draw a comparison with *Atkinson*, the State notes particularly that the defendant there had signed two unconditional waivers of counsel. In that case, "the record . . . clearly demonstrates that defendant waived his right to counsel in a knowing and voluntary manner." *Id.* at 685, 277 S.E. 2d at 466. Here, however, the record clearly demonstrates that defendant's waiver was not knowing and voluntary and did not meet the constitutional and statutory requisites for a valid waiver.

The colloquy between Judge Morgan and the defendant at the arraignment is somewhat ambiguous but the importance of the right to counsel is such that we cannot infer a waiver here. The judge, having the duty to inform defendant of his rights, had the duty to do so in a manner that would render any subsequent waiver knowing and voluntary and thereby constitutionally valid. On the record here, defendant was not properly apprised of his rights. His waiver is therefore invalid and he is accordingly awarded a

New trial.

Judges WEBB and PHILLIPS concur.