STATE OF NORTH CAROLINA v. MICHAEL ANTHONY FRADY

No. COA05-446

(Filed 3 January 2006)

## 1. Sentencing— prior record level—prior convictions where courts files destroyed

The trial court did not err in a double second-degree kidnapping sentencing hearing by denying defendant's motion to suppress the use of two prior convictions for which the court files had been destroyed to calculate his prior record level even though defendant contends there was no proof of a knowing and voluntary waiver of his right to counsel, because: (1) defendant failed to carry his burden of proof to show by a preponderance of evidence that the convictions were obtained in violation of his right to counsel; and (2) neither of the cases defendant relies upon involves, as does the instant case, a collateral attack on prior convictions used for calculation of defendant's record level for purposes of resentencing him for a later offense.

**2. Sentencing— prior record level—prior convictions—purchase or possession of beer or wine by underage individual**

The trial court did not err in a double second-degree kidnapping sentencing hearing by utilizing defendant's prior conviction in 1987 for purchase or possession of beer or wine by an eighteen-year-old underage individual even though defendant contends it is not classified as a Class A1 or Class 1 misdemeanor, because: (1) N.C.G.S. § 15A-1340.14(c) provides that in determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed; and (2) as it is undisputed that defendant was eighteen years old in 1987 at the time of the misdemeanor offense, the classification of that offense for prior record level calculation purposes was a Class 1 misdemeanor.

Appeal by defendant from judgments entered 6 January 2005 by Judge Robert C. Ervin in Burke County Superior Court. Heard in the Court of Appeals 28 November 2005.

*Roy Cooper, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for the State.*

*James N. Freeman, Jr. for defendant-appellant.*

MARTIN, Chief Judge.

Michael Anthony Frady ("defendant") appeals from judgments imposed upon his convictions of two counts of second-degree kidnapping and following a resentencing hearing after defendant's motion for appropriate relief was allowed. We affirm the judgments.

The record discloses that, on 28 January 2003, defendant was convicted of two counts of second-degree kidnapping and was sentenced to two consecutive sentences of thirty-two to forty-eight months each. Although the prior record level worksheet for these sentences was not included in the record on appeal, defendant was calculated to be a prior record level three offender for sentencing. It appears that in calculating defendant's prior record level, the trial court considered five misdemeanor convictions, two of which were for assault on a female.

It is sufficient for purposes of appeal to note that upon resentencing, defendant's assault convictions, and the corresponding

points for his prior record level calculation, were removed, reducing the remaining record level points to correspond to a prior record level two. However, while the State agreed that the assault convictions should be removed for purposes of prior record level calculation, it asserted it had erroneously omitted two additional convictions in the original prior record level worksheet and argued the inclusion of the two additional convictions would result in no net change to defendant's retaining his prior record level three offender classification. Specifically, the State asserted defendant had five record level points as a result of (1) an unauthorized use of a conveyance conviction in 1987, (2) two DWI convictions in 1989 and 1990, (3) an assault on a government official conviction in 2001, and (4) a conviction for purchase or possession of beer or wine by an eighteen-year-old, underage individual in 1987.

Defendant moved to suppress the use of the 1989 DWI conviction and the 1987 conviction for purchase or possession of beer or wine on the grounds that the corresponding court files had been destroyed; therefore, there was no evidence of defendant's knowing and voluntary waiver of counsel. The trial court denied defendant's motion to suppress and used the five convictions proffered by the State in calculating defendant's sentence as a prior record level three offender in the presumptive range. Defendant appeals, asserting the trial court erred by (I) denying defendant's motion to suppress the prior convictions for which the court files had been destroyed and (II) utilizing the prior conviction for purchase or possession of beer or wine because that conviction does not amount to a class one misdemeanor for purposes of prior record level calculation.

I.

[1] In his first assignment of error, defendant asserts the trial court violated his constitutional right to counsel by using two prior convictions to calculate his prior record level despite the fact that the court files corresponding to those two convictions had been destroyed, and therefore, there was no proof of a knowing and voluntary waiver of his right to counsel. Specifically, defendant relies on *Carnley v. Cochran*, 369 U.S. 506, 8 L. Ed. 2d 70 (1962) and *State v. Williams*, 65 N.C. App. 498, 309 S.E.2d 721 (1983) in asserting that his motion to suppress the use of the prior convictions at issue under N.C. Gen. Stat. § 15A-980 should have been granted because "the State must prove a defendant's knowing and intelligent waiver of counsel." We disagree.

"A defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use . . . will . . . [r]esult in a lengthened sentence of imprisonment." N.C. Gen. Stat. § 15A-980(a) (2003). Subsection (c) further provides that "[w]hen a defendant has moved to suppress use of a prior conviction . . ., he has the burden of proving by a preponderance of the evidence that the conviction was obtained in violation of his right to counsel." In order to do so, a defendant must show that at the time of his conviction he was indigent, had no counsel, and had not waived his right to counsel. *State v. Brown*, 87 N.C. App. 13, 22, 359 S.E.2d 265, 270 (1987). Our courts have previously upheld and applied this delegation of the burden of proof upon a defendant. *State v. Fulp*, 355 N.C. 171, 181, 558 S.E.2d 156, 162 (2002); *Brown*, 87 N.C. App. at 22, 359 S.E.2d at 270. Moreover, neither of the cases upon which defendant relies involve, as does the instant case, a collateral attack on prior convictions used for calculation of a defendant's record level for purposes of re-sentencing him for a later offense.

In the instant case, defendant has failed to carry his burden of proof. Prior to the hearing and by letter to the trial court, defendant moved to suppress the use of the possession and DWI convictions. However, defendant did not include with that letter a supporting affidavit. While such an affidavit is contained in the record on appeal, the transcript of the trial makes clear that (1) the trial court never received the affidavit into evidence at the hearing and (2) defendant neither testified nor presented other evidence as to the required showing that the conviction was obtained in violation of defendant's right to counsel. This assignment of error is, therefore, overruled.

## II.

[2] By his final assignment of error, defendant asserts the conviction for purchase or possession of beer or wine was improperly used by the trial court because it is not classified as a Class A1 or Class 1 misdemeanor. We disagree.

"In determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed." N.C. Gen. Stat. § 15A-1340.14(c) (2003). Any Class A1 or Class 1 non-traffic misdemeanor offense is assigned one point in a prior record level calculation. N.C. Gen. Stat. § 15A-1340.14(b)(5) (2003).

In the instant case, defendant was sentenced for the two second-degree kidnapping offenses committed on 9 November 2001.

LEANDRO v. STATE OF NORTH CAROLINA

[122 N.C. App. 1 (1996)]

Accordingly, we look to the classification of the misdemeanor offense of purchase or possession of beer or wine by an underage individual as of that date. North Carolina General Statutes section 18B-302(b)(1) (2001) prohibits a person less than twenty-one years of age to purchase or possess beer or wine. Unlike for individuals who are nineteen or twenty years of age, N.C. Gen. Stat. § 18B-302 does not provide a specific classification for the misdemeanor offense for an individual who is 18 years of age. Nonetheless, N.C. Gen. Stat. § 18B-102(b) (2001) provides that "[u]nless a different punishment is otherwise expressly stated, any person who violates any provision of this Chapter shall be guilty of a Class 1 misdemeanor." As it is undisputed that defendant was eighteen years old in 1987 at the time of the misdemeanor offense, the classification of that offense for prior record level calculation purposes was a Class 1 misdemeanor. Accordingly, the trial court did not err in assigning the misdemeanor offense one point when calculating defendant's record level. This assignment of error is overruled.

Affirmed.

Judges McGEE and ELMORE concur.