STATE OF NORTH CAROLINA v. IRVING HOUSTON SIMMONS

No. 8118SC769

(Filed 16 February 1982)

1. **Constitutional Law § 67— disclosure of identity of person not required**

Defendant's constitutional rights were not violated by the trial court's denial of his motion to require the State to disclose the full identity of a man called "Pete" who introduced to defendant an undercover agent who allegedly purchased cocaine from defendant or to dismiss the charges against defendant where there was nothing in the record to indicate that "Pete" was an informer or that he participated in the drug transaction for which defendant was tried,

and where the State in no way relied on "Pete's" activities to gain an indictment or conviction of defendant.

**2. Criminal Law § 162— necessity for objections**

　　Defendant's failure to object to questions on cross-examination about his criminal record constituted a waiver of his objections.

**3. Constitutional Law §§ 46, 49— denial of motion to appoint new counsel—waiver of counsel—effective assistance of counsel**

　　Defendant was not denied the effective assistance of counsel at his trial on an habitual felon charge when the court denied his request for the discharge of his court-appointed counsel and the appointment of new counsel after the jury had returned a verdict against defendant on one narcotics charge and while it was deliberating on a second narcotics charge where the court found that defendant's counsel was competent, the court made the determinations required by G.S. 15A-1242, defendant made it clear to the court that he wanted newly-appointed counsel or none at all, and defendant voluntarily and understandingly waived his right to counsel on the habitual felon charge.

APPEAL by defendant from *Rousseau, Judge.* Judgments entered 27 February 1981, in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 January 1982.

Defendant was charged in separate indictments, proper in form, with possession with intent to sell a controlled substance, cocaine, sale and delivery of cocaine, and being an habitual felon. At his trial, the State presented evidence tending to show that Nancy Farrish, a Durham Police Department undercover agent assigned to Greensboro, met with the defendant on several occasions including the day of 9 May 1980. On 9 May, she purchased from him for $50 a white powdery substance which was identified by a forensic chemist as being a Schedule II (G.S. 90-90) controlled substance, cocaine.

The defendant testified on his own behalf that, although he had met Farrish, he had never sold her any cocaine. According to defendant, a man named "Pete" introduced Farrish to him as his niece. Although "Pete" tried at various times to talk defendant into selling drugs for him, defendant refused.

While the jury was deliberating, defendant asked the court to discharge his court-appointed attorney. After hearing the motion, the trial court denied defendant's request for newly-appointed counsel, and defendant elected to proceed with the habitual felon charge without counsel.

The jury returned guilty verdicts on the charges of possession with intent to sell cocaine and sale of cocaine.

The charge that defendant was an habitual felon was tried before a newly-impaneled jury. The State presented evidence tending to show that in 1972, in the State of Georgia, defendant had been convicted of one count of rape and two counts of aggravated assault with intent to rape. In June 1976, a jury in Guilford County had found defendant guilty of armed robbery.

The defendant offered no evidence.

The jury found the defendant guilty of being an habitual felon. On the charges of sale and delivery of cocaine and of being an habitual felon, defendant was sentenced to a maximum term of 50 years. On the charge of possession with intent to sell cocaine, defendant received a minimum of ten years and a maximum of ten years imprisonment. He has appealed.

*Attorney General Edmisten, by Assistant Attorney General David Gordon and Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Appellate Defender Project for North Carolina, by Appellate Defender Adam Stein, for defendant-appellant.*

MARTIN (Robert M.), Judge.

[1]  Prior to his trial, defendant filed a motion requesting that the State be required to furnish the identity of an informant or, in the alternative, that the cases against him be dismissed. The person defendant wanted identified in full was the man called "Pete." The record shows that, on the day of the trial, his full name was divulged. Defendant's alternative motion to dismiss was denied by the trial court.

The defendant now assigns as error the trial court's denial of his motion to disclose the full identity of "Pete" and his motion to dismiss. Citing *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957) and our recent case, *State v. Hodges*, 51 N.C. App. 229, 275 S.E. 2d 533 (1981), the defendant contends that the court's denial of his motions deprived him of his constitutional rights to present a defense, to confront his accusers, and to be afforded fundamental fairness and due process of law.

The State has the privilege, in appropriate situations, to withhold from disclosure the identity of persons who furnish to law enforcement officers information concerning violations of laws which the officers must enforce. *Scher v. United States*, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938). The purpose of this privilege is to advance and protect the public interest in effective law enforcement. *Roviaro v. United States, supra.* The privilege, however, has certain limitations, one of which arises from the fundamental requirements of fairness to the accused. *Id.* "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61, 77 S.Ct. at 628, 1 L.Ed. 2d at 645.

With these principles guiding our analysis of the factual situation in the case *sub judice*, we have determined that defendant's constitutional rights were not violated by the trial court's denial of his motions for disclosure and dismissal. It is important to note that there was nothing in the record to indicate that "Pete" was an informer or that he participated in the drug transaction for which defendant was tried. The State in no way relied on "Pete's" activities to gain an indictment against, or a conviction of, the defendant. When we contrast this with the factual setting in *Roviaro*, we find that that case's limitation on the State's privilege does not apply here. In *Roviaro*, the informer, "John Doe," was the person actually purchasing the drugs from the defendant. Defendant's convictions were obtained through testimony of alleged witnesses who observed the transactions without defendant's knowledge. As the Supreme Court noted, as far as Roviaro knew, he and "John Doe" were alone and unobserved during the crucial occurrence for which he was indicted. By contrast, in the case before us, Officer Farrish was the one who purchased the drugs from defendant, and she was the prosecuting witness against him. The State's case did not require any evidence concerning "Pete."

Moreover, we find that the *Hodges* case which this Court recently decided is distinguishable. In *Hodges*, unlike this case, the person whose name was undisclosed was allegedly a participating informant. Furthermore, once the defendant discovered the name of the informant (the day before trial) he moved for a continuance, but the motion was denied. This Court found that

denial error. In the present case, defendant made no motion for a continuance. Once he received the full name of the person whose identity he sought, he was, as the record shows, adamant about a dismissal.

THE COURT: Well, what is your motion now, Mr. Carroll?

MR. CARROLL: I made my motion in the alternative, either disclosure or dismissal of the cases.

THE COURT: Either disclosure or dismissal?

MR. CARROLL: Yes, sir.

THE COURT: Well, he has now disclosed it.

MR. CARROLL: I can only repeat what I have said. As far as disclosure goes, we don't have reasonable access to him at this stage.

Based on the foregoing, we conclude that defendant's constitutional rights to present a defense, to confront witnesses against him, and to be afforded fundamental fairness and due process of law were not violated.

[2] Defendant's second argument is that he did not receive a fair trial and due process of law when the State cross-examined the defendant about his prior criminal record. The record shows, however, that defendant objected to only two of the questions to which he now takes exception. Those objections were sustained. Of the other eleven exceptions, defendant's failure to object to the questions acted as a waiver of his objections so that admission of the evidence will not be reviewed on appeal unless the evidence was forbidden by statute or resulted from questions asked by the trial judge or by a juror. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534, *cert. denied,* 400 U.S. 946, 91 S.Ct. 253, 27 L.Ed. 2d 252 (1970). The two exceptions allowing review by this Court are not present here, and the cases defendant cites in support of his argument that we should waive the requirement of an objection are not pertinent. *State v. Locklear,* 294 N.C. 210, 241 S.E. 2d 65 (1978); *State v. Smith,* 279 N.C. 163, 181 S.E. 2d 458 (1971), and *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967), all involved improper or abusive comments or arguments made by the solicitor. Defendant's assignment of error is overruled.

For the same reason, we reject defendant's argument that he was deprived of a fair trial and of due process of law when the State asked the defendant questions concerning what statements he had made to a police officer. Defendant's failure to object to the questions constituted a waiver of his objections, and this Court is not compelled to review the matter on appeal.

[3] Defendant's fourth assignment of error raises the question of whether he was denied his constitutional guarantee to effective assistance of counsel at the trial on the habitual felon indictment when the court denied his request for appointment of new counsel and left the defendant to represent himself. The right of defendant to be represented by counsel is well-established, *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972). Such a right can be effectively waived where the waiver is voluntary and informed. The issue before us is whether defendant voluntarily and with knowledge of the consequences waived his right to counsel. We find that the record shows that the defendant understood the serious consequences of his proceeding without counsel but that defendant voluntarily chose to have counsel discharged.

In cases where a defendant requests to proceed at trial without assistance of counsel, the trial court must make a thorough inquiry to determine whether to allow or deny the request. G.S. 15A-1242. In order to allow the motion, the court must be satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

G.S. 15A-1242.

The record reveals that, after the jury returned a guilty verdict on one count and was deliberating on the second, the defendant requested that his court-appointed attorney be discharged. The trial court, after colloquy with the defendant, found his

counsel competent and refused defendant's request. Defendant impressed upon the court that he wanted newly-appointed counsel or none at all. The following excerpts from the record show parts of the colloquy which preceded the court's decision:

THE COURT: You understand your case has been tried and they have returned one verdict of guilty against you and that they are out finishing the verdict on the other case.

Then there is another proceeding that we will go into after this to determine if you are an habitual felon. And if you are an habitual felon, that increases the time you could be given.

. . .

THE COURT: You have Mr. Carroll to represent you. And, as I say, if the Jury finds you guilty of being an habitual felon, the punishment goes up from twenty years to life imprisonment.

MR. SIMMONS: That is one of the reasons I would like to have a competent attorney to represent me.

THE COURT: I haven't seen anything to determine that Mr. Carroll is not competent just because you don't agree eye to eye on everything. He has more knowledge of the law than you have.

MR. SIMMONS: That is not the issue.

. . .

THE COURT: . . . And on these grounds, I am not going to relieve Mr. Carroll and appoint you another attorney.

Now, if you want to be tried on the remaining phases of this case without a lawyer, you have that right, but that is for you to decide, not me.

. . .

MR. SIMMONS: I will appear in the remaining phases by myself.

THE COURT: Do you understand that when you represent yourself there is some danger to it for the reason of your not

being trained in the law and certain things like being tried under the law gives a person advantages?

MR. SIMMONS: Yes, sir.

We find from the foregoing, that the trial court met the requirements of G.S. 15A-1242 and that defendant voluntarily and understandingly waived his right to counsel.

Defendant's final argument is that the evidence by the State was insufficient to prove that the substance purchased by Farrish was a controlled substance. The record belies this argument. The forensic chemist of the State Bureau of Investigation testified without objection that "the white powder was the substance cocaine, which is a Schedule II controlled substance."

In defendant's trial, this Court finds

No error.

Chief Judge MORRIS and Judge HEDRICK concur.