STATE OF NORTH CAROLINA v. DANNY PRESTON MICHAEL

No. 8418SC745

(Filed 2 April 1985)

**Constitutional Law § 49— waiver of right to counsel—absence of thorough inquiry by court**

The trial court erred in permitting defendant to waive counsel and proceed pro se without specifically advising defendant of the permissible range of punishments and determining whether defendant understood the consequences of his decision to proceed pro se as required by G.S. 15A-1242.

APPEAL by defendant from *Albright, Judge.* Judgment entered 17 November 1983 in GUILFORD County Superior Court. Heard in the Court of Appeals 6 March 1985.

Defendant was indicted for felonious breaking or entering, two counts of felonious larceny, second degree burglary, and larceny after breaking and entering. On 24 October 1983, defendant appeared before the Guilford County Superior Court, Judge Wood presiding, at which time defendant refused appointment of counsel and requested to proceed pro se. The trial court granted defendant's motion, defendant signing a written waiver of his right to counsel.

Defendant was tried and convicted on 17 November 1983 for second degree burglary and larceny after breaking and entering. He was sentenced to consecutive terms of imprisonment totaling twenty years. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant.*

WELLS, Judge.

Defendant assigns three errors to the trial court, the principal assignment being whether defendant's waiver of counsel was a knowing and intelligent waiver of his constitutional right to counsel. Because we must order a new trial for the court's failure to follow the mandates of N.C. Gen. Stat. § 15A-1242 (1983) and as

the other alleged errors would not likely recur at retrial, we will only discuss the principal assignment of error.

It is hornbook law that the Sixth Amendment of the Constitution of the United States as applied to the states through the Fourteenth Amendment guarantees an accused the right to counsel in criminal cases, *e.g., Gideon v. Wainwright,* 372 U.S. 335 (1963), and guarantees the accused the right to waive representation by counsel and to conduct his own defense. *E.g., Faretta v. California,* 422 U.S. 806 (1975). The Supreme Court has held that an accused's waiver of the right to counsel and to proceed pro se must be a voluntary relinquishment of a known right. *E.g., Edwards v. Arizona,* 451 U.S. 477 (1981); *Estelle v. Smith,* 451 U.S. 454 (1981); *see generally* R. Price, *N.C. Crim. Trial Prac.* § 7-1 (1980 and 1983 Supp.).

The North Carolina General Assembly has enacted specific guidelines for trial courts to employ when an accused desires to proceed pro se:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

G.S. § 15A-1242. The wording of the statute and the decisions of our appellate courts clearly demonstrate that the provisions of the statute are mandatory in every case where an accused requests to proceed pro se. *State v. McCrowre,* 312 N.C. 478, 322 S.E. 2d 775 (1984) (trial court was required to make inquiry to determine if defendant understood the statutory factors); *State v. Gerald,* 304 N.C. 511, 284 S.E. 2d 312 (1981) (statute sets forth the prerequisites necessary before a defendant may waive his right to counsel); *State v. Thacker,* 301 N.C. 348, 271 S.E. 2d 252 (1980)

(statute fully satisfies the constitutional requirement that waiver of counsel must be knowing and voluntary); *State v. Simmons*, 56 N.C. App. 34, 286 S.E. 2d 898 (trial court must make a thorough inquiry to determine whether to allow or deny the request to proceed pro se in accordance with the statute), *disc. rev. denied and appeal dismissed*, 305 N.C. 591, 292 S.E. 2d 12 (1982).

At defendant's pretrial hearing on 24 October 1984, he requested to proceed pro se. The following exchange occurred:

THE COURT: The Court informs you that you have a right to have a lawyer to represent you in this matter . . . wherein you are charged . . . [with the crimes enumerated previously].

The Court informs you that in these cases that you have a right to have a lawyer represent you. Do you want me to appoint a lawyer to represent you in each of these cases?

THE DEFENDANT: No, sir.

THE COURT: All right, sir. Let him sign a waiver waiving his right to have a lawyer in these cases.

. . .

THE DEFENDANT: I'd like to go ahead and represent myself when it comes time for trial. I believe I can get myself across to a jury better than my lawyer could.

The state, in its brief, properly concedes that the trial court did not specifically advise the defendant of the permissible range of punishments and did not determine if defendant understood the consequences of his decision to proceed pro se.

The state, however, contends that defendant made a knowing and intelligent waiver of his constitutional right to counsel despite the trial court's failure to follow the statutory provisions of G.S. § 15A-1242. This argument overlooks the dispositive question which is the court's failure to comply with the requirements of G.S. § 15A-1242. The requirements of G.S. § 15A-1242 are mandatory, and we hold that the trial court erred in failing to undertake the "thorough" inquiry required by the statute to determine if defendant understood the consequences of his decision to proceed pro se and to explain the range of permissible punishments

which could be imposed if defendant was found guilty of the crimes charged.

Our decision is supported by *State v. McCrowre, supra.* In *McCrowre,* defendant waived his right to counsel, believing he would be able to obtain an attorney privately. At trial, defendant had not retained private counsel, he explained to the court that he was ready for trial but he would not be able to competently conduct some aspects of the case, and he requested that the court assign counsel to him. The trial court refused, stating that defendant had signed a written waiver of his right to trial counsel. Our supreme court noted that had defendant "clearly indicated that he wished to proceed pro se, the trial court was required to make inquiry to determine" if the defendant understood the factors enumerated in G.S. § 15A-1242. *Id.* The *McCrowre* court held that the trial court had not complied with the statute and, therefore, erred in refusing to appoint counsel as defendant requested. *Id.*

For the reasons stated above the defendant must be and is hereby awarded a

New trial.

Judges WHICHARD and BECTON concur.