STATE OF NORTH CAROLINA v. SAMMIE LEE LOVE

No. COA 97-862

(Filed 17 November 1998)

### 1. Constitutional Law— pro se appearance—advised of risks—no error

The trial court did not err in a prosecution for trafficking in cocaine by possession, conspiracy to traffic in cocaine, possession of drug paraphernalia, and employing a minor to traffic in cocaine by allowing defendant to appear pro se. Defendant was properly advised and repeatedly warned by the court of the risks he took in declining the assistance of assigned counsel and there is nothing in the record to indicate that he had any reservations prior to his conviction.

### 2. Criminal Law— joinder of offenses—no abuse of discretion—harmless error

The trial court did not abuse its discretion in a cocaine prosecution by allowing the State's motion for joinder of a possession count from 22 November with four others committed on 21 July. Moreover, any error would have been harmless because the later offense was dismissed early in the proceedings and never submitted to the jury.

### 3. Criminal Law— pretrial suppression motion—timing of ruling—within court's discretion

There was no abuse of discretion in a cocaine prosecution in the court's failure to rule on a motion to suppress evidence before trial where the charge to which the motion applied was dropped early in the proceedings. The decision as to when to rule on a pretrial suppression motion is in the court's discretion. N.C.G.S. § 15A-976(c).

### 4. Evidence— other offenses—employing minor to distribute cocaine—no plain error

There was no plain error in a prosecution for various cocaine charges which included employing a minor to traffic in cocaine where the trial court allowed the State to introduce without objection testimony from a minor that he had previously sold cocaine for defendant. The testimony was properly admitted to show intent to plan and commit a conspiracy and was not unduly

prejudicial, and, in light of other testimony, the jury probably would not have reached a different verdict even excluding this testimony.

**5. Evidence— redirect examination—new evidence—court's discretion**

There was no abuse of discretion in a cocaine prosecution where a bag from which defendant's employee, Lowry, sold cocaine was marked for identification during the testimony of a detective and later introduced and Lowry identified it as "an individual bag dope was in" over defendant's objection on redirect. Redirect cannot be used to repeat direct testimony or to introduce an entirely new matter, but the trial judge has the discretion to permit counsel to introduce relevant evidence which could have been but was not brought out on direct.

**6. Appeal and Error— offer of proof—required**

There was no abuse of discretion in a cocaine prosecution where defendant cited numerous instances of the court sustaining objections by the State or the court itself but the record does not indicate what the witness's testimony would have been. Moreover, there was no plain error because there was no indication that the jury would have reached a different result without this evidence.

**7. Witnesses— subpoena of witnesses—denied—pro se defendant—no abuse of discretion**

There was no abuse of discretion in a cocaine prosecution in which the defendant represented himself where defendant contended on appeal that the trial court denied his request to have certain individuals subpoenaed but there was no evidence that defendant was denied access to subpoena forms; defendant was unable to provide any information to the court as to the anticipated testimony of the individuals on his witness list, which included a district attorney, a judge, two lawyers, and various law enforcement officers; when the issue next arose, during defendant's presentation of evidence, defendant provided the substance of the anticipated testimony and acknowledged that he knew how to subpoena witnesses but apparently chose not to do so; and the court found that the testimony of the proposed witnesses would not be probative.

STATE v. LOVE

[131 N.C. App. 350 (1998)]

**8. Criminal Law— prosecutor's closing argument—misery in cocaine—no plain error**

There was no plain error in a cocaine trial where the State in its closing argument asked the jury about the misery contained in a bag of cocaine.

**9. Sentencing— noncapital—consecutive terms—not cruel and unusual**

There was no abuse of discretion or cruel and unusual punishment in consecutive sentences on cocaine convictions.

Judge HORTON dissenting.

Appeal by defendant from judgments and commitments entered 24 October 1996 by Judge Wiley F. Bowen in Robeson County Superior Court. Heard in the Court of Appeals 1 April 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Julie A. Risher, for the State.*

*Bowen & Berry, PLLC, by Sue A. Berry, for defendant-appellant.*

LEWIS, Judge.

Defendant was convicted in Robeson County Superior Court of trafficking in cocaine by possession, conspiracy to traffic in cocaine, possession of drug paraphernalia, and employing a minor to traffic in cocaine. Defendant appeals.

[1] In his first assignment of error, defendant contends that the trial court erred in allowing him to appear *pro se* at trial without first determining that he had knowingly, voluntarily, and in writing waived his right to the assistance of counsel.

The record reflects that defendant requested, and was assigned, counsel on 22 November 1995. Defendant pled not guilty to all charges at his arraignment on 11 September 1996. That same day, defendant executed a "Waiver of Counsel" in which he was permitted to waive either his right to assigned counsel or his right to "all assistance of counsel which includes [his] right to assigned counsel and [his] right to the assistance of counsel," but not both. Defendant elected to waive his right to assigned counsel instead of waiving his right to the assistance of counsel. The Waiver of Counsel form included a Certificate of Judge, signed by Judge Thomas W. Seay, Jr., on 11 September 1996, which read:

I certify that the above named person has been fully informed in open court of the charges against him, the nature of and the statutory punishment for each charge, and the nature of the proceeding against him and his right to have counsel assigned by the court *and his right to have the assistance of counsel to represent him in this action*; that he comprehends the nature of the charges and proceedings and the range of punishments; that he understands and appreciates the consequences of his decision and that he has voluntarily, knowingly and intelligently elected in open court to be tried in this action . . . without the assignment of counsel.

(emphasis added). The court entered an order on 11 September 1996 which stated in part:

Defendant, in open Court, stated that *he desired to waive counsel and to represent himself or to obtain privately retained counsel* and . . . this statement was made repeatedly by the Defendant, even though the Court repeatedly advised the Defendant that he was entitled to appointed counsel and that the Defendant was making a serious mistake by this election to represent himself.

(emphasis added).

Defendant's trial began on 23 October 1996. There is no indication in the record that any further inquiry was conducted into defendant's choice to represent himself or to obtain private counsel. It appears, however, that defendant was fully satisfied with his decision to represent himself. Defendant made a motion to dismiss, made a motion that amounted to a motion to suppress evidence, and asked the Court for assistance in issuing subpoenas. Also during pretrial motions, defendant stated that he "want[ed] to go forward with a jury." Furthermore, in defendant's opening statement to the jury, he explained, "I am representing myself. Why am I representing myself? Because I am not guilty of anything." Despite his apparent desire to represent himself at trial, defendant now contends the trial court's failure to determine whether his waiver of the assistance of counsel was knowing and voluntary requires that he be granted a new trial. We disagree.

It is well established that the Sixth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment, provides a criminal defendant with the right to the assistance of counsel. *State v. Michael*, 74 N.C. App. 118, 119, 327

S.E.2d 263, 264 (1985). "Implicit in defendant's constitutional right to counsel is the right to refuse the assistance of counsel and conduct his own defense." *State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981). "[T]he waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will." *State v. Thacker*, 301 N.C. 348, 354, 271 S.E.2d 252, 256 (1980).

Consistent with constitutional requirements, our General Statutes provide:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (1997). "The wording of the statute and the decisions of our appellate courts clearly demonstrate that the provisions of the statute are mandatory in every case where an accused requests to proceed *pro se*." *Michael*, 74 N.C. App. at 119, 327 S.E.2d at 265 (1985).

In this case, defendant completed an Affidavit of Indigency indicating that his total monthly income consisted of disability payments in the amount of $250. Based on this fact, the court found that defendant "is not financially able to provide the necessary expenses of legal representation" and "that the applicant is an indigent and is entitled to the services of counsel as contemplated by law," and it ordered "that he shall be represented by . . . the public defender in this judicial district." Nevertheless, defendant declined to accept the assigned counsel to which he was entitled and proceeded *pro se* at trial.

The Waiver of Counsel form executed by defendant and certified by the trial court follows N.C. Gen. Stat. § 15A-1242 and its counter-

part for indigents, section 7A-457 (1995). This Court has previously stated that "[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). This language, while originally used in a case in which a defendant had waived his right to assigned counsel, speaks to the complete waiver of counsel. The court in *Warren* did not distinguish the waiver of assignment of counsel and assistance of counsel, but the defendant in the case before us now wishes to do so. Such a distinction seems to invite error by the trial court.

There are only two choices available on the Waiver of Counsel form, and only one of these may be selected by a defendant wishing to waive his rights. It could be argued that an indigent defendant who has waived his right to the assignment of counsel has realistically waived his right to the assistance of counsel, since he cannot be expected to retain counsel himself. In any case, the trial court's order of 11 September 1996 granting defendant's wish to waive assigned counsel established that defendant "desired to waive counsel and to represent himself or to obtain privately retained counsel." With nothing in the record to indicate otherwise, *Warren* requires us to presume that defendant knowingly, intelligently, and voluntarily elected to proceed *pro se*. The decision not to seek further assistance of counsel was his alone to make.

Defendant was properly advised and repeatedly warned by the trial court of the risks he took in declining the assistance of his assigned counsel. He cannot now claim after defending himself for the entire course of the trial without asking for assistance that even more should have been done for him. As this Court noted in an earlier case in which an indigent defendant executed a written, certified waiver of counsel, "The burden of showing the change in the desire of the defendant for counsel rests upon the defendant." *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-41 (1974), *cert. denied*, 285 N.C. 595, 206 S.E.2d 866 (1974). Finding nothing in the record to indicate that this defendant had any reservations in his decision prior to his conviction, we can find no error in the trial court's decision to allow defendant to proceed *pro se*.

**[2]** Defendant next asserts that the trial court erred in allowing the State's motion for joinder of offenses. Specifically, defendant argues that 95 CRS 22923, possession of cocaine, should not have been

joined with the four other counts on which the State proceeded because this offense occurred on 22 November 1995, well after the others were committed on 21 July 1995.

Offenses which are "based on . . . a series of acts or transactions connected together or constituting parts of a single scheme or plan" may be joined for trial against the same defendant. N.C. Gen. Stat. § 15A-926(a) (1997). The trial court in this case, noting the difference in the dates of commission, nevertheless joined all five drug-related offenses for trial. The decision to join offenses is discretionary and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hayes*, 314 N.C. 460, 471, 334 S.E.2d 741, 747 (1985). Defendant has failed to demonstrate any abuse of discretion by the trial court, and in light of the fact that the later offense was dismissed early in the proceedings and never submitted to the jury, any error would be harmless.

[3] In his third assignment of error, defendant argues that the trial court erred in failing to consider before the trial his motion to suppress evidence surrounding the subsequently dropped November charge. The trial court ruled in defendant's favor regarding this evidence at a later stage in the proceedings. The decision as to when to rule on a pretrial suppression motion is made in the trial court's discretion, N.C. Gen. Stat. § 15A-976(c) and Official Commentary (1997), and defendant has failed to produce evidence of any abuse of this discretion by the trial court. In fact, had the trial court elected to rule on defendant's motion before the trial, it could have summarily dismissed it for defendant's failure to file an affidavit or written motion. *See State v. Harris*, 71 N.C. App. 141, 143, 321 S.E.2d 480, 482 (1984). Defendant's argument on appeal that the trial court erred by not ruling on this motion when it was first made is without merit.

[4] Next, defendant claims that the State improperly introduced evidence of his other crimes, wrongs, or acts, and that the trial court erred by allowing this evidence to be admitted. The evidence at issue concerns the testimony of Shane Lendwright "Rock" Lowery, a minor at the time in question, who testified without objection by defendant that he had previously sold cocaine for defendant and been paid by defendant in drugs and currency.

We agree with the State that this testimony was not unduly prejudicial, Rule of Evidence 403 (1992), and that it was properly admitted under Rule 404(b) to show defendant's intent to plan and commit a conspiracy. *See State v. Rosario*, 93 N.C. App. 627, 638-39, 379 S.E.2d

434, 441, *disc. review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989). We further agree with the State that this did not constitute error by the trial court, and it certainly did not rise to the level of plain error. *See* N.C.R. App. P. 10(b)(1); *State v. Walker*, 316 N.C. 33, 38-39, 340 S.E.2d 80, 83-84 (1986). We are not "convinced that absent the error the jury probably would have reached a different verdict." *Walker*, 316 N.C. at 39, 340 S.E.2d at 83. However, even excluding Lowery's statements regarding his previous drug-related work for defendant, in light of other testimony about the sale on 21 July 1995 defendant cannot meet this burden.

[5] In his fifth argument, defendant claims that two exhibits, numbers 7 and 10, were improperly introduced into evidence at trial. The defendant did not object at trial to the introduction of Exhibit 10, so this objection is waived absent a showing of plain error. *See* Rule 10(b)(1) and *Walker*, 316 N.C. at 39, 340 S.E.2d at 83. There was no plain error here.

Exhibit 7, the plastic bag from which defendant's employee Lowery sold cocaine to the informant, was marked for identification purposes during the testimony of Narcotics Detective James Campbell and later introduced into evidence. Later still, it was identified by Lowery as "an individual bag that the dope was in" over defendant's objection during redirect examination. Defendant notes correctly the general rule that redirect examination cannot be used to repeat direct testimony or to introduce an entirely new matter. However, "the trial judge has discretion to permit counsel to intro-. duce relevant evidence which could have been, but was not brought out on direct." *State v. Locklear*, 60 N.C. App. 428, 430, 298 S.E.2d 766, 767 (1983). There was no abuse of discretion in this instance, as the evidence was relevant and the State properly laid the foundation for its introduction.

[6] Defendant argues in his sixth assignment of error that the trial court abused its discretion in sustaining numerous objections by the State and the court itself. However, in none of the many instances cited by defendant does the record indicate what the witnesses' testimony would have been had they been permitted to testify, as required by our case law. "[F]or a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985).

Defendant's failure to demonstrate in the record that he complied with *Simpson* precludes reversal on this ground. There was no plain error, either, because there is no indication that without this evidence the jury would have reached a different result. *See Walker*, 316 N.C. at 39, 340 S.E.2d at 83.

**[7]** Next, defendant asserts that the trial court abused its discretion and violated his state and federal constitutional rights by denying his request to have certain individuals subpoenaed as defense witnesses. While our statutes provide that "[a] material witness order may be obtained upon motion supported by affidavit showing cause for its issuance," N.C. Gen. Stat. § 15A-803(d) (1997), " '[t]he right to compulsory process is not absolute, and a state may require that a defendant requesting such process at state expense establish some colorable need for the person to be summoned, lest the right be abused by those who would make frivolous requests.' " *State v. House*, 295 N.C. 189, 206, 244 S.E.2d 654, 663 (1978) (quoting *Hoskins v. Wainwright*, 440 F.2d 69, 71 (5th Cir. 1971)). " '[An accused] may not place the burden on the officers of the law and the court to see that he procures the attendance of witnesses and makes preparation for his defense.' " *State v. Tindall*, 294 N.C. 689, 700, 242 S.E.2d 806, 813 (1978) (quoting *State v. Graves*, 251 N.C. 550, 558, 112 S.E.2d 85, 92 (1960)).

There is no evidence in the record that defendant was denied access to subpoena forms, and the State had no burden to see to it that he procured the attendance of the witnesses he desired to have present. *See Tindall, supra*. Defendant was unable to provide any information to the court as to the anticipated testimony of the eleven individuals on his witness list, which included a district attorney, a judge, two other lawyers, and various law enforcement officers. Without defendant's demonstration of a colorable need under *House, supra*, the court did not err in declining at that time to subpoena these witnesses. When the issue next arose, during the defendant's presentation of evidence, he did provide the court with the substance of the witnesses' anticipated testimony and acknowledged that he knew how to subpoena witnesses but apparently chose not to do so. The court found that the testimony of defendant's proposed witnesses would not be probative and declined to issue the subpoenas. This did not constitute an abuse of discretion, and we find no error.

**[8]** Defendant's eighth argument is that the State engaged in prosecutorial misconduct during its closing argument, and that the trial

court erred in allowing the State to make its argument as it did. Specifically at issue are the prosecutor's questions to the jury,

> How much misery is contained in this bag? How many families would do without for what is contained in this bag? How many children will be abused or go without or neglected [sic] because of what is in this bag, and how does it get to people to be used?

Defendant claims that such comments were highly inflammatory, prejudicial, and not supported by the evidence. Because defendant did not object at trial, "our review on appeal is limited to the question of whether the arguments of the prosecutor were so grossly improper as to require the trial court to intervene *ex mero motu.*" *State v. Garner*, 340 N.C. 573, 597, 459 S.E.2d 718, 731 (1995), *cert. denied*, 516 U.S. 1129, 133 L. Ed. 2d 872 (1996). "On appeal, particular prosecutorial arguments are not viewed in an isolated vacuum," but are considered in context based upon the underlying facts and circumstances. *State v. Mosley*, 338 N.C. 1, 50, 449 S.E.2d 412, 442 (1994), *cert. denied*, 514 U.S. 1091, 131 L. Ed. 2d 738 (1995). In light of this standard and the failure of the prosecutor's arguments to "stray so far from the bounds of propriety as to impede the defendant's right to a fair trial," *State v. Davis*, 305 N.C. 400, 422, 290 S.E.2d 574, 587 (1982), defendant's argument is without merit.

**[9]** Finally, defendant asserts that the trial court abused its discretion in sentencing him to consecutive terms of imprisonment, thereby imposing cruel and unusual punishment upon him. The trial court has the authority to impose a sentence consecutive to any other sentence imposed at the same time, N.C. Gen. Stat. § 15A-1354(a) (1997), and "[t]he imposition of consecutive . . . sentences, standing alone, does not constitute cruel or unusual punishment." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983). Defendant nevertheless argues that "unguided discretion leads to abuse of discretion," and states that "there must be some mechanism or rationale to determine whether concurrent or consecutive sentences are most appropriate as to any offender and his or her offenses." This is, at best, a question for the legislature to resolve, but for our purposes it is an argument without merit on appeal.

No error.

Judge GREENE concurs.

Judge HORTON dissents.

Judge HORTON dissenting.

I respectfully dissent from the holding of the majority that this indigent and incarcerated defendant knowingly, intelligently, and voluntarily chose to represent himself in the defense of four serious charges which resulted in his imprisonment for a minimum term in excess of 13 years.

The Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. This right to the assistance of counsel is made applicable to the states by the Fourteenth Amendment to the United States Constitution. *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799 (1963). Our North Carolina Constitution also provides that "[i]n all criminal prosecutions, every person charged with crime has the right . . . to have counsel for defense . . . ." N.C. Const. art. I, § 23.

Although a defendant may waive his right to counsel and represent himself, that waiver "must be knowing and voluntary, and the' record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will." *State v. Thacker*, 301 N.C. 348, 354, 271 S.E.2d 252, 256 (1980).

The crucial issue in this case is whether this defendant understandingly and voluntarily waived his right to the assistance of counsel at trial based on a waiver of his right to the assistance of court-appointed counsel at his arraignment six weeks prior to his trial. I do not believe the record demonstrates a constitutionally valid waiver by defendant. I therefore believe that he is entitled to a new trial.

The public defender was appointed counsel for defendant on 22 November 1995 based on an affidavit of indigency. The affidavit showed that defendant's monthly income was a $250 disability payment. At defendant's arraignment on 11 September 1996, however, defendant moved that his court-appointed counsel be relieved of further duties. The trial court entered an order on 11 September 1996 reciting that defendant wished to represent himself or obtain privately retained counsel. The trial court advised defendant that he was making a "serious mistake" but found as a fact that "the Defendant understands the nature of his cases, that his motion is well taken and the Court concludes as a matter of law that the relief sought by the Defendant ought to be allowed." The transcript of the arraignment and motions hearing is not before us; therefore, we are not advised of

statements made by defendant which provided a basis for the trial court's conclusions concerning the informed nature of defendant's decision.

On that same date, defendant signed a form entitled "Waiver of Counsel." This form gave defendant a choice of two alternative waivers, and reads in part:

> I freely, voluntarily and knowingly declare that:
>
> (check only one)
>
> 1. [X] I waive my right to assigned counsel and that I, hereby, expressly waive that right.
>
> 2. [ ] I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

The trial court then signed the following "Certificate of Judge" which appeared on the same "Waiver of Counsel" form:

> I certify that the above named person has been fully informed in open court of the charges against him, the nature of and the statutory punishment for each charge, and the nature of the proceeding against him and his right to have counsel assigned by the court and his right to have the assistance of counsel to represent him in this action; that he comprehends the nature of the charges and proceedings and the range of punishments; that he understands and appreciates the consequences of his decision and that he has voluntarily, knowingly and intelligently elected in open court to be tried in this action:
>
> (check only one)
>
> 1. [X] without the assignment of counsel.
>
> 2. [ ] without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.

It is also significant that the "Waiver of Counsel" form includes the following note in bold type at the bottom:

> **Note: For a waiver of assigned counsel only, both blocks numbered "1" must be checked. For a waiver of all assistance of counsel, both blocks numbered "2" must be checked.**

It is clear from the "Waiver of Counsel" form that defendant did not waive his right to be represented by counsel, but only waived the right to court-appointed counsel.

After his arraignment, defendant remained continuously in custody until 23 October 1996, when he was brought to the courtroom and advised that his trial was about to begin. The following colloquy then occurred between defendant, the trial court and the district attorney:

THE COURT: Are you ready to proceed?

DEFENDANT LOVE: No, sir, I am not.

\* \* \* \*

DEFENDANT LOVE: I have some witnesses I have to subpoena for this case. I have never been charged with drugs in my life whatsoever, never been convicted of any felony whatsoever in my life. All of this stuff here is just a bunch of lies. So I want to go forward with a jury. I want to subpoena witnesses. I have not been notified that this was going to be a trial date. My trial date was set for the 23rd of last month, and the District Attorney's office—*I do not have a lawyer to represent me.* Also Judge, I would like to—

THE COURT: Wait a minute. Let's address one thing at a time. Is it on the calendar this week?

MR. TODD: It is, Your Honor.

THE COURT: Was he notified it was on the calendar this week?

DEFENDANT LOVE: No, sir.

[There was no contrary answer from the district attorney or clerk.]

\* \* \* \*

THE COURT: You tell me who you want to subpoena and we will see what we can do about it.

DEFENDANT LOVE: Yes I do, Your Honor.

\* \* \* \*

THE COURT: Mr. Love, we are going to try your cases, and the motion to consolidate for joinder of the cases is allowed. We are

going to start the jury selection in a few minutes. And we will just proceed accordingly. (Emphasis added).

There was no inquiry made by the trial court regarding defendant's right to be represented by counsel, nor did the trial court exercise its discretion to appoint standby counsel for defendant. The State contends that defendant "clearly" wanted to represent himself as shown by his statement to the jurors "[s]o with me, yeah, I am representing myself. Why am I representing myself? Because I am not guilty of anything." That statement was made, however, in the context of the trial court having denied what amounted to a motion to continue the case even though defendant had asked to subpoena witnesses he thought important to his defense. Defendant also advised the trial court that he was not represented by counsel at the same time that he stated that he was not ready to proceed. Whether defendant intended to revoke his waiver of appointed counsel cannot be determined from the record, because the trial court interrupted defendant's statement and did not subsequently make any inquiry into whether defendant had decided to represent himself.

N.C. Gen. Stat. § 15A-1242 provides that:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel *only after the trial court makes thorough inquiry* and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (1997) (emphasis added).

In this case defendant's earlier waiver of assigned counsel does not amount to a waiver by defendant to appear without the assistance of *any* counsel. "Statements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E.2d 788, 800 (1981). Consequently, the trial court was required to make

some inquiry into defendant's intention with regards to having counsel at his trial. That is particularly true because defendant told the trial court that he did not have a lawyer to represent him; he had not had the opportunity to subpoena witnesses; he was not advised of the date of his trial; the trial court did not even consider appointing standby counsel for defendant pursuant to N.C. Gen. Stat. § 15A-1243 (1997); and defendant continued to maintain his innocence.

In *State v. Williams*, 65 N.C. App. 498, 309 S.E.2d 721 (1983), this Court held that a purported waiver of court-appointed counsel by defendant Williams was not constitutionally valid. When Williams was tried, no inquiry was made as to his *pro se* appearance because he had initially informed the trial court that he wanted to hire his own lawyer. In granting him a new trial, this Court held the following:

> The waiver in the present case is deficient in several respects. First, no determination was made as to whether defendant was represented by counsel. Second, even though defendant clearly was not represented, he was not informed of his right to counsel. Third, defendant was never asked and the court never determined whether he was able to afford the private counsel that he indicated that he "would like to hire." Lacking in these particulars and in light of defendant's answers to Judge Morgan that he wanted a lawyer and did not wish to waive the right, defendant's waiver is not constitutionally valid.

*Id.* at 505, 309 S.E.2d at 725.

A waiver of such a hallowed fundamental constitutional right should not be lightly inferred from fragments of a long and sometimes ambiguous record. As Justice Sutherland eloquently observed in *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158 (1932):

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have [*sic*] a perfect one. He requires the guiding hand of counsel

at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

*Id.* at 68-69, 77 L. Ed. at 170 (1932).

Here, an incarcerated lay defendant was required to proceed to trial without any meaningful notice, without counsel and without witnesses. This record does not reveal a constitutionally valid waiver of counsel, and defendant is entitled to a new trial. Furthermore, even if such a valid waiver could be found from this record, I believe there was also plain error in requiring defendant to proceed to trial without notice and an opportunity to prepare his cases, and therefore he is also entitled to a new trial on that alternate basis.