STATE OF NORTH CAROLINA
v.
CARL LORICE BREWTON, Defendant.
No. COA08-1338
Court of Appeals of North Carolina.
Filed June 2, 2009
Attorney General Roy Cooper, by Assistant Attorney General David W. Boone, for the State.
Appellate Defender Staples Hughes, by Charlesena Elliott Walker, for defendant.
ELMORE, Judge.
Carl Lorice Brewton (defendant) appeals his conviction for assault on a law enforcement officer or government officer or employee. After careful review, we find no error.
On 6 September 2007, defendant was in custody at a Department of Corrections facility in Bertie County. A physical altercation took place between defendant and two prison guards that resulted in defendant being pepper-sprayed and one of the guards sustaining injuries that kept him out of work for two weeks. As a result of the incident, defendant was charged with one count each of assaulting a law enforcement officer inflicting serious injury; assaulting an officer inflicting serious injury; and assault on alaw enforcement officer or government officer or employee. After a trial in which defendant represented himself without counsel, the jury returned a verdict of guilty on the final count. Defendant was sentenced to an active sentence of seventy-five days in prison.
Defendant's sole argument on appeal is that the trial court erred in allowing him to proceed pro se at trial, though he argues that this error violated both state statute and his federal constitutional rights. Both arguments are without merit.
The trial court conducted the following inquiry with defendant on 14 January 2008:
THE COURT: Mr. Brewton, you realize you have been charged with an offense for which if you are found guilty or if you plead guilty then there is a possibility you could go to prison?
THE DEFENDANT: I'm already in prison.
THE COURT: You could go to prison for more time. You do understand that you have a right to be represented by a lawyer and if you cannot afford one I will appoint one for you? Do you understand this?
THE DEFENDANT: Yes.
THE COURT: Tell me whether you desire the services of a court appointed attorney or whether you want to represent yourself or hire your own lawyer.
THE DEFENDANT: I'm going to represent myself.
THE COURT: Have him sign a statement to that effect, Mr. Sheriff.
At that point, defendant signed the waiver form.
The trial began on 16 April 2008. On that date, defendant represented himself for pretrial proceedings, including questioning and impaneling of a jury and a motion to dismiss the chargesagainst him. Defendant made an opening statement to the jury and cross-examined witnesses presented by the State.
Defendant first argues that his waiver[1] of counsel was deficient under North Carolina law because the trial court did not undertake the inquiry required under N.C. Gen. Stat. § 15A-1242. This argument is without merit.
N.C. Gen. Stat. § 15A-1242 states:
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2007).
In State v. Carter, this Court outlined what this statute requires of a trial court:
First, the defendant must "clearly and unequivocally" waive his right to counsel and instead elect to proceed pro se. Second, thetrial court must determine whether the defendant knowingly, intelligently, and voluntarily waived his right to in-court representation by counsel. In determining whether the waiver meets this standard, the trial court must conduct a thorough inquiry.
338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994) (citations omitted).
An examination of the transcript in this case, coupled with a review of the relevant case law, reveals that the trial court's inquiry regarding defendant's waiver fully satisfied this statutory requirement. In Carter, this Court found that the statute was satisfied where the trial court conducted a brief colloquy with the defendant, advising him that, in essence, it was in the defendant's best interest to retain the appointed attorney, as he was facing a trial with the death penalty as a possible sentence. Id. at 580-81, 451 S.E.2d at 163. In State v. Love, this Court held that, where the trial court conducted an inquiry of the defendant, the defendant signed a waiver, and "nothing in the record . . . indicate[d] that this defendant had any reservations in his decision prior to his conviction," the trial court did not err in allowing the defendant to proceed pro se. 131 N.C. App. 350, 355, 507 S.E.2d 577, 581 (1998).
In contrast, in State v. Thomas, this Court held that waiver was not clearly and unequivocally given where the defendant appeared confused as to his own role in the case, telling the court that, though he wanted his current appointed attorney dismissed, he wanted "an assistant" because he did "need legal assistance." 331 N.C. 671, 675-76, 417 S.E.2d 473, 476-77 (1992) (emphasis removed). Similarly, in State v. Pruitt, this Court found inadequate thetrial court's inquiry that consisted entirely of questioning the defendant's current appointed counsel, whom the defendant was asking the court to dismiss; at no point did the trial court question the defendant himself to make sure his waiver complied with the statute. 322 N.C. 600, 604, 369 S.E.2d 590, 593 (1988).
Clearly, the inquiry conducted by the trial court in this case is much more in line with the former pair of cases than with the latter. The trial court conveyed to defendant his legal situation and the ramifications of his decision. As such, we find that the trial court did not violate N.C. Gen. Stat. § 15A-1242 in allowing the defendant to proceed pro se.
Defendant also argues that his lack of counsel violated his constitutional right to counsel under the Sixth Amendment. This argument is without merit.
Specifically, defendant argues that his lack of counsel constituted structural error, defined by the United States Supreme Court as the type of error  such as total deprivation of counsel in a criminal trial  that affects "the entire conduct of the trial from beginning to end." Arizona v. Fulminante, 499 U.S. 279, 309, 113 L. Ed. 2d 302, 331 (1991). Such errors "affect[] the framework within which the trial proceeds" and render the trial itself unreliable "'as a vehicle for determination of guilt or innocence[.]'" Id. at 310, 113 L. Ed. 2d at 331 (citation omitted). Per the Supreme Court's holding in Gideon v. Wainwright, the tenet that "in federal courts counsel must be provided for defendants unable to employ counsel unless the right is competentlyand intelligently waived" also applies to defendants in state courts. 372 U.S. 335, 340, 9 L. Ed. 2d 799, 802 (1963).
Thus, again, the question before this Court is the quality of defendant's waiver  specifically, here, whether defendant "competently and intelligently waived" his right to counsel. As stated above, we hold that defendant did so waive his right to counsel. See Carter, 338 N.C. at 581, 451 S.E.2d at 163 (holding that an inquiry that complies with N.C. Gen. Stat. § 15A-1242 satisfies the constitutional requirement that a waiver of counsel must be knowing and voluntary). As such, we find this argument without merit.
No error.
Judges STROUD and ERVIN concur.
Report per Rule 30(e).
NOTES
[1] We note that, in point of fact, during the trial process, defendant signed two waivers of counsel: one before the district court in September 2007, the other in front of the trial court in January 2008. However, the record contains only the written waiver from September 2007; it contains no evidence as to the inquiry conducted by the district court. As such, we cannot determine its validity under N.C. Gen. Stat. § 15A-1242, and thus turn to the second waiver.