STATE OF NORTH CAROLINA
v.
ALVIN (NMN) HART, Defendant.
No. COA09-533.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Rufus C. Allen, for the State.
Mary McCullers Reece, for the defendant-appellant.
STROUD, Judge.
Defendant Alvin Hart appeals from the judgments revoking his probation and activating the sentences originally imposed for impaired driving, misdemeanor death by motor vehicle, and failure to stop at a stop sign. Defendant contends that the trial court failed to satisfy the requirements of N.C. Gen. Stat. § 15A-1242 (2007) before it permitted him to waive his right to counsel. We reverse the judgments and remand for further proceedings consistent with this opinion.
On 24 January 2006, defendant pled no contest to driving while impaired, misdemeanor death by motor vehicle, and failure to stop for a stop sign. The trial court imposed a term of twelve months imprisonment for the impaired driving conviction, suspended the sentence, and imposed thirty-six months of supervised probation. The trial court also consolidated the other two convictions into one judgment of forty-five days imprisonment, suspended the sentence, and imposed twelve months of probation.
Defendant's probation was subsequently modified several times. On 24 June 2008, a probation officer filed violation reports alleging that defendant had violated the conditions of his probation. The case came on for a revocation hearing on 3 December 2008. At the hearing, defendant's appointed attorney told the trial court that she was not able to represent defendant due to "communication barriers" and asked to be removed. The trial court first spoke to defendant about counsel:
THE COURT: Mr. Hart, are you going to represent yourself, sir?
DEFENDANT: No, sir.
THE COURT: Well, why not?
DEFENDANT: Because I requested a court-appointed attorney.
THE COURT: We gave you one.
DEFENDANT: But she not representing me fullest to her oath [sic].
Defendant's attorney told the court that defendant had filed numerous pro se motions without her knowledge. The trial court stated that he had reviewed defendant's motions and that they had no merit, and then discussed counsel with defendant for a second time:
THE COURT: Mr. Hart, you have to make a decision. Either [your current attorney] will represent you or you will waive your right to have a court-appointed attorney. We're not going to keep appointing you a new attorney every time.
DEFENDANT: I'm not waiving my right and I have no plea at this point.
THE COURT: Okay. Well, the Court says that he has waived his right to an attorney since he says he doesn't want her to represent him because she has violated her oath.
Okay, the Court is ready.
The State then presented the probation officer's testimony that defendant had violated his probation. Defendant declined to question the probation officer, but requested to see the transcripts of his prior superior court hearings. The trial court did not respond to that request and revoked defendant's probation. Defendant gave notice of appeal.
On appeal, defendant contends that the trial court erred when it required him to proceed without counsel and failed to comply with the requirements of N.C. Gen. Stat. § 15A-1242 (2007). We agree.
A defendant may be proceed without counsel:
[O]nly after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242.
"The wording of the statute and the decisions of our appellate courts clearly demonstrate that the provisions of the statute are mandatory in every case where an accused requests to proceed pro se." State v. Michael, 74 N.C. App. 118, 119, 327 S.E.2d 263, 265 (1985) (citation omitted). Thus, the statute is applicable in probation revocation hearings. State v. Evans, 153 N.C. App. 313, 569 S.E.2d 673 (2002).
In this case, although it is clear from the record before us that defendant was unhappy with his appointed counsel, defendant never opted to represent himself. In fact, on the two occasions during the hearing when the trial court presented defendant with the option of representing himself, defendant refused to waive his right to be represented by counsel. Although an indigent defendant is not entitled to the appointed counsel of his choice, "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." State v. Hutchins, 303 N.C. 321, 339, 279 S.E.2d 788, 800 (1981) (citation omitted).
Further, even were we to assume that defendant waived his right to counsel, the trial court failed to comply with N.C. Gen. Stat. § 15A-1242. Although it appears defendant was aware of his right to appointed counsel, the trial court never advised defendant of the possible punishments he faced or of the consequences of representing himself. See State v. Pruitt, 322 N.C. 600, 604, 369 S.E.2d 590, 593 (1988) (reversing where "the trial court failed to make any inquiry of defendant concerning whether he understood and appreciated the dangers and disadvantages of self-representation or whether he understood the nature of the charges, proceedings, and the range of permissible punishments he faced."). Accordingly, we reverse the judgments revoking defendant's probation and remand for a new hearing on the probation violations.
Reversed and remanded.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).